EASTERN DIST.

*April,* 1840.

WARE F. M. C. *vs.* BARATARIA AND LAFOURCHE CANAL CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The liability of corporations is the same as natural persons, for the acts and neglect of their agents, when acting within the scope of their employment.

Masters and employers are responsible for the damage occasioned by their servants and overseers, in the exercise of their functions, but this liability only extends to cases where the master, or employer, might have prevented the act which caused the damage, *and did not.*

So, where a lock-keeper, instead of attending to his duties, assaults and causes damage to a passenger, even under pretext that the latter has not paid his toll, he alone is liable for the damage, and not his employers.

WARE, F. M. C.
*vs.*
BARATARIA AND LAFOURCHE CANAL COMPANY.

| | |
|---|---|
| 15L | 169 |
| 47 | 1658 |
| 15L | 169 |
| 49 | 493 |
| 15 | 169 |
| e114 | 265 |
| 15 | 169 |
| 116 | 322 |
| e116 | 472 |
| 15 | 169 |
| 119 | 500 |

This is an action of damages, in which the plaintiff claims from the defendants two thousand dollars damages occasioned by one Joseph Meyer, their lock-keeper, for assaulting, beating and imprisoning him, and taking his fishing boat and its load or cargo of oysters.

The plaintiff alleges, he was returning from Barataria with his skiff or boat with oysters, on the Barataria canal, and in passing through the locks, near the Mississippi river, he was violently seized and assaulted, without cause; put in the stocks, and his boat, oysters, and other things taken from him, by a man named Joseph Meyer, in the employment of the Barataria and Lafourche Canal Co., and for whose misconduct and illegal acts said company is liable. He prays that they be condemned to pay him the damages he claims.

The defendants pleaded a general denial; and expressly averred that they were in no manner liable. It was evident from the testimony, that the plaintiff (a colored man) was violently treated by the defendant's lock-keeper, and apparently without cause. The proof went far to support the allegations.

The district judge was of opinion that the plaintiff had sustained damage to the amount of one hundred and fifty dollars, and that the defendants were liable for the acts of their servant or lock-keeper. From this judgment they appealed.

EASTERN DIST.

WARE, F. M. C.
vs.
BARATARIA AND
LAFOURCHE
CANAL COMPANY.
April, 1840.

*Wills,* for the plaintiff, insisted that the judgment was supported by law, and also by the evidence, and should be confirmed.

*Derbigny,* contra.

*Morphy, J.,* delivered the opinion of the court:

The plaintiff claims damages to the amount of two thousand dollars, for assault and battery, false imprisonment and consequent loss of property, which he alleges to have suffered by the acts and doings of one Joseph Meyer, while in the employ of defendants, as keeper of the locks of the Barataria and Lafourche Canal Co. He sets forth that being an oyster-trader from Barataria, he arrived at the locks or sluices of the canal, on the Mississippi; that, after being unnecessarily detained there, he was by the said lock-keeper cruelly beaten, stripped of his clothes, and put in the stocks, on a plantation near the canal, and kept in confinement for several hours; that, all this violence or outrage was offered him under the pretext that he had not paid the toll, although the same had not been demanded of him. The answer denies the liability of defendants for the acts alleged in the petition and puts them at issue. The plaintiff obtained judgment for one hundred and fifty dollars, and defendants appealed.

The only question in the cause turns on the responsibility of defendants for such acts of their agent as are complained of.

The liability of corporations is the same as natural persons, for the acts and neglect of their agents, when acting within the scope of their employment.

A distinction has been attempted to be drawn between corporations and natural persons, as to their liability for the acts and neglects of their agents, when acting within the scope of their employment. We think that the responsibility of both exists on the same grounds, in the same manner and to the same extent; but how is that liability regulated by our laws? In the chapter of the Louisiana Code treating of offences and quasi-offences, we find that masters and employers are responsible for the damage occasioned by their servants and overseers in the exercise of the functions in which they are employed; but the same article which creates this

liability restricts it to those cases where the masters or employers might have prevented the act which caused the damage, and have not done it. *Louisiana Code, article* 2299 ; 8 *Martin N. S.,* 503, *Palfrey* vs. *Kerr;* 8 *Louisiana Reports,* 538 ; *Strawbridge* vs. *Turner and Woodruff.* The plaintiff's counsel has called our attention to the case of *Rabassa* vs. *Orleans Navigation Company,* 5 *Louisiana Reports* 461, decisive against the defendants ; but in that case the evidence showed, and the ground of the decision was, that the company had authorized the trespass, which was the subject of complaint. It is said that in most cases, the restriction in the code will do away entirely with every thing like responsibility in the master or employer, for it will seldom happen that the latter can prevent the act which causes the damage. This may be and we believe is true, but our duty is to apply the law when its letter is clear, and we could not justify a violation of its precepts on the ground of any supposed or real inconvenience and difficulty attending its application. The law, if defective, can be modified by that branch of the government whose province it is to make our laws, or amend them when experience shows their inadequacy to subserve the purposes of justice. This restriction to the liability of masters and principals was an unfortunate and unadvised departure from the Napoleon Code, from which most of the enactments of our laws on this subject have been taken almost *verbatim.* In that work, the restriction which exists in favor of fathers, teachers, &c., does not extend to masters or principals. The reasons given for this distinction is, that servants and agents, when in the discharge of their duties, are supposed to be acting under the authority of their masters and principals; and that the latter should be attentive to employ none but good servants and agents, while the restricted liability of fathers, teachers, &c., has only for its object to secure from them a proper degree of watchfulness over the conduct of the persons entrusted to their care.

But leaving out of view this restriction, the policy of which may well be questioned, it will be found we think, on examination, that in every system of laws, this liability of mas-

EASTERN DIST.
*April,* 1840.
WARE, F. M. C.
*vs.*
BARATARIA AND LAFOURCHE CANAL COMPANY.

Masters and employers are responsible for the damage occasioned by their servants and overseers in the exercise of their functions, but this liability only extends to cases where the masters or employers might have prevented the act which caused the damage, *and did not.*

EASTERN DIST.
*April*, 1840.

WARE, F. M. C.
*vs.*
BARATARIA AND
LAFOURCHE
CANAL COMPANY.

ters and principals for the acts of their servants and agents rests on the ground of express or implied authority from the master or principal. The doctrine appears to us correctly laid down by Sir William Blackstone (1 Commentary 456,) "That the master is answerable for the acts of his servant, if done by his command, either expressly given or implied." In another place (page 457) he says : " if a servant by his negligence does any damage to a stranger, the master shall answer for his neglect ; but the damage must be done *while he is actually employed in his master's service,* otherwise the servant shall answer for his own misbehaviour." The distinction is obvious between the wilful and deliberate acts of agents amounting to offences which they might commit, even when attending to the functions entrusted to them, and those acts of imprudence, unskillfulness and ignorance, in the discharge of their duties, which may occasion injury to others. When an agent, losing sight of the object for which he is employed, commits wrongs and thereby causes damage, the principal is no more answerable for them than any stranger ; as to such wrongs, the agent must be considered as acting of his own will and not in the course of his employment, or under any implied authority of his principal. It is on this ground that it has been holden in England that a master was not liable in trespass for the wilful act of his servant in driving his master's carriage against the carriage of another, without his master's directions or assent ; and this doctrine has received the sanction of the Supreme Court of Massachusetts : 1 *East* 106, *M'Mannus vs. Crickett ;* 17 *Massachusetts Reports* 508 *and* 510, *Foster et al. vs. the Essex Bank.*

So, where a lock-keeper, instead of attending to his duties, assaults and causes damage to a passenger, even under pretext that the latter has not paid his toll, he alone is liable for the damage, and not his employers.

In the present case, Joseph Meyer was stationed at the Barataria and Lafourche canal, to keep the locks, open and close them, and receive the tolls. If, instead of attending to those duties, he assaulted the plaintiff, deprived him of his liberty, and thereby occasioned to him the loss of property complained of ; in doing these wilful and wicked acts, he clearly stepped out of the line of his duty to the defendants, and was not in their employment. They cannot, therefore,

be made answerable in damages on any principle of law or justice.

It is, therefore, ordered, that the judgment of the District Court be annulled, avoided and reversed, and that ours be for the defendants, with costs in both courts.