JOHN KENT, Plaintiff in Error, *vs.* WALTER R. BOWN, Defendant in Error.

#### ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Any question of damages, costs, &c., or otherwise, that belongs to the Clerk to determine, may in the first instance be submitted to the Judge, and his decision will stand as an order on an appeal from the Clerk, and as such may be taken to this Court either directly by an appeal from the order, when it is appealable, or by bringing up the judgment which includes it. But the Court will not review mere questions of damages and costs which the Court below has not actually decided, where that Court has ample power to grant the relief asked.

Action upon a promissory note drawing no interest before maturity, but interest after due at five per cent. per month: *Held*—That the stipulation for interest after maturity was inserted as a penalty to secure payment of the principal, punctually at maturity, and that the damages for non-payment, under *Sec. 2 of Chap.* 30, *Stat. of Minnesota,* would be seven per cent. per annum.

This Court will not pass upon questions of costs which have been merely taxed by the Clerk, and not directly passed upon by the Judge of the Court below.

The following are the points and authorities relied upon by the Counsel for the Plaintiff in Error:

*First.*—The said District Court erred in rendering judgment for a greater amount than the sum expressed in the promissory note described in the complaint, and interest thereon at the rate of seven per cent. per annum.

*Second.*—The said District Court erred in taxing and rendering judgment for the sum of $29 as statute costs to said Defendant in Error.

The following are the points and authorities relied upon by the Counsel for the Defendant in Error:

*First.*—Error does not lie in this case.

1.  There was no issue, and consequently no trial in the

lower Court, and therefore no exceptions could be taken. *Rev. Stat., p.* 352, §§ 1, 2, 3, 4; (*New Comp. Stat., p.* 557;) *Rev. Stat., p.* 358, §§ 56, 57; (*New Comp. Stat., p.* 564)

2. The judgment was upon the default of the Defendants; and as in case of a *relicta* given by Defendant under the old practice 1 *Burrill's Practice, pp.* 177, 270, 388.

3. *Section* 165, (*Rev. Stat., p.* 350, *amended* 1852, *p.* 10, § 31); *New Comp. Stat., p.* 555, *and Section* 71 (*Rev. Stat., p.* 360, *amended* 1852, *p.* 11, § 39, *New Comp. Stat., p.* 566,) provide for the entry of judgments in case of failure to answer of Defendant.

This action being on obligation for the payment of money only, it is probable the judgment could have been entered upon the withdrawal of the answer, under *Section* 165; as the "fail to answer," mentioned in *Section* 71, seems to refer to cases where an application to the Court is necessary, and hence an order or direction is required to authorize the Clerk to enter judgment, and not to cases upon obligations for payment of money only, where the Clerk is authorized by statute to enter the judgments.

As the Clerk would under *Section* 165 enter the judgment for "the amount mentioned in the summons," so the order or direction of the Court in cases like the present, if made at all, would as of course direct the judgment to be entered for the amount claimed in the summons.

4. The Defendant in the lower Court was personally notified by the summons of the *amount* of the claim. If he had no good defence to the cause of action, but deemed the amount mentioned in the summons larger than the Plaintiff was entitled to recover, *Section* 482, *Rev. Stat., p.* 422, *amend.* 1852, *p.* 14, *New Comp. Stat., p.* 631 pointed out to him the mode of proceeding, and provided him with a simple, cheap and adequate remedy. He appeared in the action, but did not choose to avail himself of this remedy. By so doing he must be taken to have waived objection to the amount claimed in the summons.

5. The record shows that the Plaintiff in Error has made no application to the Court below for the correction of the

amount of the judgment. Had he done so, the Defendant in Error would have had an opportunity to *remit* the excess complained of; or the Court to order the necessary correction, or to open the judgment for re-assessment. A party ought not to be permitted to demand relief for the first time in an appellate Court, after having waived, or stood by and neglected to employ the means provided by law to obtain such relief before judgment, and after having taken no steps to that end subsequent to judgment in the lower Court.

6. The Court below is entirely competent to amend the judgment in all the particulars assigned for error, if applied to. 1 *Burrill's Pr.* 279; *Mechanic's Bank vs. Minthorine,* 19 *John.* 244. Error does not lie where the party may be relieved on motion. 2 *Burrill's Pr.* 133.

7. The rule is that a Writ of Error will not be sustained except in those cases where the matters assigned for error have been actually considered by the Court below, or fairly presented to that Court in such a manner that they might have been considered and passed upon there. *Houghton vs. Stow,* 4 *Wendell,* 179; *Campbell vs. Shoper,* 2 *Wendell,* 147.

8. Even if we assume that the order or direction for judgment in the lower Court was necessary to the entry of judgment, and that such order or direction was erroneous, and that the Plaintiff in Error had waived nothing in the premises, nevertheless, the error being in the order or direction, and this order being "*intermediate,*" it must be reviewed on appeal, and not on Writ of Error. *New Comp. Stat., p.* 475, *Sec.* 4; *Ib., p.* 621, *Sec.* 11.

For the foregoing reasons it is respectfully submitted that error does not lie in the present case.

*Second.*—Even if the matter is now properly before this Court, it is respectfully submitted that the Court will allow a remittance of the excess complained of to be entered. 1 *Burrell's Pr.,* 279, *note (b)*; 1 *H. Bl.* 643.

H. L. Moss, Counsel for Plaintiff in Error.

Lorenzo Allis, Counsel for Defendant in Error.

*By the Court*—Flandrau, J. This action was upon a promis-

sory note, drawing no interest before, but five per cent. per month after maturity, and the Defendant put in an answer, to what effect does not appear, nor is it material. On the 15th day of March, 1859, at a general term of the District Court of Ramsey County, the "case came on to be tried, and thereupon the Defendant withdrew the answer in said cause, and thereupon submitted the same to the Court for assessment of damages, upon the complaint, and the Defendant then and there objected to the Court rendering judgment, or assessing the damages for any greater sum than the amount set forth in the promissory note, and interest thereon after maturity at seven per cent. per annum." It also appears from the record that the Judge "overruled said objections, and directed judgment to be entered upon said complaint for the amount specified in said note, and interest thereon after maturity at five per cent. per month, up to the time of the rendition of judgment." To all of which, exceptions were taken by the Defendant.

Judgment was entered in pursuance of the ruling of the Judge, and the Defendant brings error to this Court.

It is objected that an application should have been made to the Court below to correct the assessment of damages, before taking the case to this Court, under the ruling in the case of *Babcock and Hollinshead vs. Sanborn and French*, and kindred cases decided by this Court, as the withdrawal of the Defendant's answer placed the case in the condition it would have occupied had none been interposed, and made the Clerk the proper officer to assess the damages and enter the judgment. This is, however, an incorrect view of the practice. There was no default. The Defendant had appeared and answered, and the cause was on the calendar ready for trial; when reached, the Defendant abandoned the issue he had formed, and simply contested the question of the amount of damages. The Court had a right, perhaps, to treat the case as if no answer had been put in, and send it to the Clerk for judgment as for want of an answer, yet he certainly had the power to determine the question himself when requested to do so by the parties. Any question of damages, costs, or otherwise, that belongs to the Clerk to determine, may in the first

Kent v. Bown.

instance be submitted to the Judge, and his decision will stand as an order on an appeal from the Clerk, and as such, may be taken to this Court, either directly by an appeal from the order when it is appealable, or by bringing up the judgment which includes it. *Andrews vs. Cressy*, 2 *Minn. Rep.*, 67. Where the question is brought directly to the attention of the Judge, and actually ruled upon by him, as was the case at bar, it would be idle to go through the forms of a motion to him for a still further ruling before bringing it to this Court, and we never have decided such form to be necessary. Our holding has been, and now is, that we will not review mere questions of damages and costs, which the Court below has not actually decided, where that Court has ample power to grant the relief asked. It would be unjust to hold a Judge responsible for a decision which he has never in fact made, and equally unjust to allow suitors to be brought into this Court on such questions when the Court below can afford them a cheaper and more expeditious remedy. *Hawke et al. vs. Banning & Bucknell*, decided at the July Term of 1859. The question of damages is properly here.

The Court erred in allowing the Defendant to recover the five per cent per month after the maturity of the note. That sum was inserted as a penalty, to secure the payment of the principal punctually at maturity. *Mason, Craig et al. vs. Callendar, Flint & Co.*, 2 *Min. R., p.* 350. As there was no interest stipulated in the note, the damages on the default of the maker to pay it at maturity, must be governed by *Sec.* 2, *Chap.* 30, *new ed. Stat.*, which would fix it at seven per centum per annum under the reasoning of the Court in *Mason, Craig et al. vs. Calendar, Flint & Co., and Talcott vs. Marston, argued at this term.* The Plaintiff in Error makes a question on the amount of costs allowed below, but as the record does not show that it was passed upon by the Judge, we decline deciding it.

The damages should have been for the amount of the note, with seven per centum per annum interest on that amount from the date of the maturity of the note until judgment; we modify the judgment by striking out the excess, and approve it as to balance.