GEORGE R. NEWELL & another *vs*. H. HOULTON.

May 24, 1875.

**Evidence—Entries.**—When a witness testifies that entries made by him are the original entries of the transactions; that they were made by him at the time of the transactions; that they are just and true; and that he has no present recollection of the transactions, the entries are competent as evidence of the transactions.

**Presumption in Favor of Verdict.**—Where it is apparent that, of two items, the jury has allowed one and disallowed one, and there is sufficient evidence to justify them in disallowing one of them, the presumption is that that is the one which they disallowed.

**Practice—General Verdict and Special Findings.**—Where there is a general verdict and a special finding of fact, if the court desire to reserve the case for further consideration, it must, at the coming in of the verdict, enter an order reserving the case. Unless this is done, the party in whose favor the general verdict is may have judgment entered on it, and the other party can then raise the question, how far the special finding shall prevail over or modify the general verdict, only on appeal.

**Interest at Different Rates before and after Maturity.**—It is not competent for parties to a contract to stipulate for a rate of interest, after due, different from that which the contract bears before due.

Plaintiffs in their complaint declare upon two promissory notes dated October 27, 1873, and payable at thirty

and seventy-five days after date respectively, "with interest after maturity at the rate of twelve per cent. per annum until paid." They also allege, as a third cause of action, an account for goods sold and delivered. They admit various payments made by defendant, from time to time, to an amount greater than the account sued on, and aver that these payments were, with defendant's consent, so applied as to pay the account in full, and that the surplus was applied on the note first falling due. Judgment is demanded for the amount remaining due on the notes, with interest at twelve per cent., according to the terms of the notes.

In his answer the defendant avers that the promise in each of the notes to pay interest after maturity at the rate of twelve per cent. per annum was and is, as to the excess of such interest over seven per cent. per annum, without consideration, and that said interest in excess of seven per cent. per annum was inserted in each note as a penalty in case of failure to pay said notes respectively at maturity, from which penalty he asks to be relieved. For a second defence he takes issue upon the amount of the account alleged in the complaint, and upon the allegation as to the application of payments. For a third defence he alleges payment in full of the notes and account.

At the trial in the district court for Hennepin county, before *Vanderburgh*, J., there was a conflict of evidence as to certain payments claimed to have been made by defendant. There was no evidence that any of defendant's payments had been directed by him to be applied on the account or the note, or that there was any express agreement between the parties as to the application of these payments; but plaintiffs' book-keeper testified that they had, in fact, been credited by plaintiffs on the account to the full amount thereof. The exceptions taken to the admission of evidence and to the charge of the court appear in the opinion. The jury found for the plaintiff, and, under the instructions of the court, calculated in their general ver-

dict interest on the notes at twelve per cent. after maturity, and also found specially the difference between the amount of such interest at twelve per cent. and the amount of the interest on the notes computed at seven per cent. per annum after maturity.

A motion for a new trial was denied and the defendant appealed.

*Charles D. Kerr*, for appellant.

*Beebe & Shaw*, for respondents.

GILFILLAN, C. J.  On the trial a witness for the plaintiffs, who was shown the plaintiffs' cash-book, testified that it contained the original entries of cash transactions; that the entries were in his handwriting, were made at the time of the transactions, and were just and true; and, after examining it, that he had no present recollection of any of the circumstances connected with the item which the book was offered to prove.  The entry was then allowed, against defendant's objection, to be read to the jury.  The entry, after being thus verified, was proper evidence to go to the jury, in connection with the witness' testimony, under the rule as affirmed in *Merrill* v. *Ithaca & Owego R. Co.*, 16 Wend. 586; *Guy* v. *Mead*, 22 N. Y. 462; *Ins. Co.* v. *Weide*, 9 Wall. 677; and conceded by this court in *Stickney* v. *Bronson*, 5 Minn. 215.

Of the two payments claimed, of $100.00, December 25, 1873, and $101.80, June 16, 1873, the jury, as we make the calculation, must have allowed one and disallowed the other.  There was evidence that the latter was paid upon a separate single transaction not included in the account sued on, so that the jury might disallow that item, and we presume that is the one they disallowed.

The rule for the application of payments was correctly stated by the court below in its instructions to the jury, and there is nothing in the case to take it out of the general rule.  The date and amount of every payment appear, and it also appears that at no time prior to April 30, 1874, was

the aggregate of the general payments equal to the aggregate due in the account. As the debtor made no application of the payments, the creditor had the right to apply them on the account instead of the notes. When the account was fully paid, both notes being then due, and both bearing the same rate of interest, it was immaterial on which of them the subsequent payments were applied.

The notes bore no interest before due, but each, by its terms, bore interest after due at the rate of twelve per cent. per annum. The plaintiffs requested the court to charge the jury that they were entitled to recover on the notes at the rate of twelve per cent. per annum, and the defendant requested an instruction that they could recover only seven per cent. The court refused each request, but instructed the jury to calculate, in their general verdict, the interest at twelve per cent., and return, in a special verdict, the difference between the amount due, calculating the interest at twelve per cent., and the amount calculating the interest at seven per cent. The jury returned a general verdict and special finding as instructed.

The court doubtless intended to reserve for decision, after the verdict, the question, what rate of interest plaintiffs are entitled to recover. To effect that end, the proper practice, upon the coming in of the verdict, is to enter an order that the case be reserved for further consideration. Gen. St. ch. 66, § 222. If the case is not so reserved, the court having decided the law of the case in its instructions upon which the general verdict is found, it is regular for the party in whose favor it is to have judgment entered according to it, and the other party can then raise the question, how far the special finding shall prevail over or modify the general verdict, only on appeal. If, after verdict and before judgment, such party desire the court to consider the case further, it is for him to suggest the entry of the order reserving the case.

In this case, if the proper rate to allow, after the matur-

ity of the notes, was seven per cent., the general verdict was erroneous, and the court did not arrest the error by an order reserving the case for further consideration, but allowed the verdict to stand, with the power on the part of plaintiffs to have judgment entered on it. This makes it necessary for us to consider whether it was error in the court to instruct the jury to calculate, in their general verdict, interest on the notes, after maturity, at the rate of twelve per cent. per annum.

The statute for which that now in force on the subject of interest is a substitute, reads as follows: "Any rate of interest agreed upon by the parties in a contract, specifying the same in writing, shall be legal and valid. When no rate of interest is agreed upon or specified in a note or other contract, seven per cent. per annum shall be the legal rate."

In *Mason* v. *Callender*, 2 Minn. 350, which was the case of a note that, by its terms, bore interest at the rate of three per cent. per month before due and five per cent. per month after due, the court held (1) that contracts could bear interest, as interest, only during the continuance of the contract—that is, until a default—and that the allowance made after a default was strictly damages, and not interest; (2) that in contracts for the payment of money the parties were not competent to liquidate the damages, but that the rule of damages, as fixed by law, was the legal rate of interest; and that where the parties to a contract have agreed upon a rate of interest before due, that is the legal rate for the contract, and fixes the measure of damages on a breach, and that the increased rate after due was in the nature of a penalty; and that consequently the rate of damages in that case was three per cent. per month, the same as the interest agreed on before due. The chief justice dissented, holding that the rule of damages upon all contracts was the general legal rate, seven per cent. per annum, without reference to what the parties may have agreed on.

*Talcott* v. *Marston*, 3 Minn. 339, was the case of three notes, one bearing, by its terms, interest at the rate of six per cent. per annum till due, and five per cent. per month after due ; one without interest before due, and five per cent. per month after due ; and one two and one-half per cent. per month before due, and three per cent. per month after due. The court adopted the views of the chief justice expressed in his dissenting opinion in *Mason* v. *Callender*, and allowed as damages upon all of the notes, after due, seven per cent. per annum. *Kent* v. *Bown*, 3 Minn. 347, was the case of a note drawing no interest before due, but five per cent. per month after due. The court held that the five per cent. per month was only a penalty, and so allowed only seven per cent. per annum.

This was the state of the law when the statute as at present existing was passed. The statute, Gen. St. ch. 23, § 1, is : " Interest for any legal indebtedness shall be at the rate of seven dollars upon one hundred dollars for a year, unless a different rate is contracted for in writing, and all contracts shall bear the same rate of interest after they become due as before if it clearly appears therefrom that such was the intention of the parties ; but no contract for a greater rate of interest than twelve dollars upon one hundred dollars for a year shall be valid for the excess of interest over twelve per cent."

This statute was originally passed, substantially as it is now, in 1860, at the first session of the legislature after the decisions we have referred to, and it was passed with reference to the law as construed in those decisions. Under the law as it was when the statute was passed, the twelve per cent. per annum after the notes in this case became due would be construed to be a penalty, and not recoverable. Did the legislature intend to change the rules of construction, or to enact that a penalty may be recovered, or to enable parties to stipulate the measure of damages, and, if so, to what extent? We do not think it was intended to change

the rules of construction, nor to provide that a mere penalty should be recoverable ; but it was intended to enable parties, to a certain extent, to fix the measure of damages after default. The majority of the court held, in *Mason* v. *Callender*, that the contract rate of interest—that is, the rate agreed on before due—was the legal rate of interest for the contract, and gave the measure of damages upon a breach. We think that the legislature intended to incorporate in the statute this view, modified in one particular—that is, that the parties should express in the contract their intention that the rate reserved before due should be the rate after due, or the measure of damages on a breach.

The language of the statute excludes the idea that parties may stipulate for a rate, after due, different from that before due : ''And all contracts shall bear the same rate of interest *after they become due as before* if it clearly appears therefrom that such was the intention of the parties.'' The words '' as before,'' referring, of course, to an agreed rate before due, limit or restrict the rate after due. To hold that the parties may stipulate a rule of damages for a breach, beyond the restriction expressed by these words, would be a very forced construction of the statute.

The order refusing a new trial is reversed, and a new trial ordered unless the plaintiffs consent to take judgment, deducting from the general verdict the amount specified in the special finding.