## BIZZELL *v.* HAMITER.

Opinion delivered April 6, 1925.

MASTER AND SERVANT—LIABILITY FOR SERVANT'S NEGLIGENCE.—The owner of an automobile is not liable for damages in a collision caused by his servant's negligence in driving the automobile, where the servant was on a mission of his own without the master's knowledge and having no relation to his employment.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

*Longstreth & Longstreth,* for appellant.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

SMITH, J. Appellant—who was the plaintiff below— instituted this action against appellee to recover damages on account of the demolition of his automobile resulting from a collision between the automobile which appellant was driving and another owned by appellee and driven by his chauffeur. After all the testimony had been introduced, the court directed the jury to return a verdict in favor of appellee, which was done, and this appeal questions that action.

The testimony shows that, while appellant was driving his automobile near the intersection of Wright Avenue and High Street, in the city of Little Rock, his car was run into and wrecked by an automobile belonging to appellee, which was being driven by appellee's chauffeur at a reckless speed and contrary to the rules of the road.

Appellee resides at 23rd and Broadway Streets, and maintains an office at Second and Main Streets. A colored boy named McCoy was employed by appellee as a chauffeur, and had been so employed for about two years before the collision in question. McCoy was employed to drive appellee to and from his office and to such other places as he was directed to drive. He also drove members of appellee's family, but he was always given direction where to drive. McCoy was forbidden to use the car without permission.

On the afternoon of June 9, 1923, McCoy was told by appellee's wife to drive to appellee's office and bring appellee home. This was a service which McCoy performed daily, and, in driving from appellee's home to his office, both in the morning and in the afternoon, it was customary either to drive four blocks east to Main Street, or to drive either one block west to Arch Street or two blocks west to Gaines Street and then north to appellee's office. In performing the duty of going after appellee there was no necessity for going more than two blocks west from appellee's home, and, so far as appellee was advised, this was never done. But, when McCoy received the order to go after appellee on the day of the collision, he conceived the idea of first going after his laundry, and, for that purpose, he drove west seven blocks, and from there he was going back to State Street on another personal mission. Appellee knew nothing of this, and had given no permission for this use by McCoy of the car.

McCoy testified that appellee did not know what he was about to do, and, to prevent appellee from knowing that he had made this use of the car, he accelerated its

speed to shorten the time which would be required to discharge his own mission, and it was while thus driving rapidly to get to appellee's office, without consuming too much time, that McCoy ran into and damaged appellant's car. These facts are established by the undisputed evidence, and we think the rule announced in the case of *Healey* v. *Cockrill,* 133 Ark. 327, is applicable here. The facts in the two cases are very similar, but there was here a greater turning aside from the business and the scope of the servant's employment than is found in the case cited.

In that case we said that a slight deviation from the employer's service or a mere incidental departure from the service to mingle it with the servant's own purposes did not discharge the master from liability for the servant's acts, but, if the servant completely abandons his duty to his master and steps aside to do an act wholly for his own purposes, and which has no relation to the employment, the master ceases to be liable.

The latter appears to be the case here. McCoy was making a use of the car which was unknown to appellee and was unauthorized by him. McCoy, at the time of the collision, was on a mission which had no relation to his employment. He had stepped aside for a purpose wholly personal to himself, and, while pursuing that purpose, and while driving at a speed intended to conceal what he was doing, the damage was done.

We conclude therefore that the verdict was properly directed in appellee's favor, and the judgment pronounced thereon is affirmed.

HUMPHREYS, J., did not participate.