**(110 So. 324)**

**No. 28044.**

**TINKER v. HIRST.**

**In re HIRST.**

(Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Appeal and error ⬤▷1011(1)—Where evidence on material facts is conflicting, utmost reliance must be placed on judgment of trial judge, but not where facts are admitted.**

Where testimony on material facts is conflicting, utmost reliance must be placed on trial judge, and judgment for plaintiff affirmed, where defendant has created doubt as to his credibility, but not where facts are admitted.

**2. Automobiles ⬤▷193(10).**

Employer of driver operating truck on week days is not liable for negligence of driver while using truck for own purposes on Sunday without knowledge or consent of employer.

**3. Master and servant ⬤▷302(1)—Employer, to be liable for act of employee outside employment, must have some reasonable connection with act causing damage, regardless of promise to repair damage (Civ. Code, art. 2320).**

When employee does not act within course of employment, reasonable connection between employer and act of employee causing damage must be shown, under Civ. Code, art. 2320, before liability attaches to employer, regardless of employer's promise to repair damage, made under misapprehension of legal rights and before knowledge of all facts.

**4. Master and servant ⬤▷302(1).**

Except in cases under Workmen's Compensation Act, employers or principals are not liable for acts of employees or agents outside course of employment.

Suit by William B. Tinker, Jr., against William Hirst. Judgment for plaintiff by the city court was affirmed by the Court of Appeal, parish of Orleans, and defendant brings certiorari or writ of review. Judgment set aside and avoided, and suit dismissed.

F. F. Teissier, of New Orleans, for applicant.

Daly & Hamlin, of New Orleans, for respondent.

BRUNOT, J. The plaintiff sued the defendant in the first city court for damages to his automobile caused by defendant's truck colliding therewith on Sunday, February 15, 1925. Defendant did not answer the suit, and a default judgment was rendered. From this judgment defendant appealed, filed an answer denying liability, and, on the issue thus joined, the case was tried de novo by the Court of Appeal. The judgment of the city court was affirmed, and a rehearing was denied. Thereafter counsel filed an agreed statement of facts, and, basing his application upon this statement of facts and the law applicable thereto, defendant applied to this court for certiorari or writ of review. A rule nisi issued, and in response thereto the record has been sent up.

The agreed statement of facts follows:

"(1) That plaintiff's automobile was, on February 15, 1925, at about 6:15 p. m., parked in front of plaintiff's home, No. 2323 Canal street, New Orleans.

"(2) That defendant's truck, then driven by

Joseph Shaw, ran into and struck plaintiff's automobile in the rear.

"(3) That plaintiff's automobile was damaged in the said accident to the extent that plaintiff had to expend $99.72 for its repair.

"(4) That said accident was not caused by any negligence on the part of plaintiff.

"(5) That Joseph Shaw, driving defendant's automobile, as aforesaid, was the only one guilty of negligence.

"(6) That, after said accident, plaintiff's insurance adjuster rang up defendant and advised defendant that the latter's truck, driven by Joseph Shaw, had caused the above damages, and requested defendant to pay for the same. That defendant stated at that time that he was a gentleman, that he would go and examine plaintiff's automobile, and that he would pay whatever damage there was.

"(7) That at that time defendant did not have the advice of counsel.

"(8) That Joseph Shaw operated defendant's truck, as an employee of defendant, on week days during business hours.

"(9) That the accident occurred on a Sunday.

"(10) That defendant's truck was kept, at his place of business, in a shed, with the key to the shed hung on a nail near the entrance to the shed. That the key to the wheel of the truck was always in the wheel. That defendant lived five or six blocks away from where the truck was kept. That Joseph Shaw lived on the premises where the truck was kept, and the truck was under the care and control of said Joseph Shaw, who had access to it at all times.

"(11) That defendant and two of his witnesses testified, without contradiction, that Joseph Shaw was allowed to use that truck only for defendant's business, and that defendant did no business on Sundays.

"(12) That defendant testified, without contradiction, that Joseph Shaw did not have his permission to use that truck on Sunday, February 15, 1925, the date of the accident.

"(13) That two of defendant's witnesses testified, without contradiction, that Joseph Shaw was using the truck at the time of the accident for his own purposes, in that he had gone to get his laundry.

"(14) That defendant endeavored to introduce the testimony of Joseph Shaw, but was unable to get it, although he subpœnaed Joseph Shaw and even tried to get him by attachment.

"(15) That judgment was rendered against defendant, in the lower court as prayed for by default, defendant having filed no answer in the lower court, only filing his answer in the appellate court.

"(16) The judge of the Court of Appeal based his judgment upon his finding that defendant admitted liability before suit. That defendant filed no answer in the lower court, and permitted judgment to be rendered against him, and that Joseph Shaw was the custodian of the truck at all times, and therefore if he did not have the express permission of defendant, he had his implied permission to use that truck by virtue of his custody of the truck."

The errors assigned are that the court erred in holding "that defendant's statement to the insurance adjuster that he would act like a gentleman and pay whatever damage was done to plaintiff" made defendant legally liable therefor, and that there was error in holding that because defendant parked his truck on premises owned by him, but occupied, in part, by his truck driver, with the keys to his garage and truck accessible to the driver, that the use of the truck by the driver on a Sunday for his own purposes was with the implied, if not express, consent of the defendant, and therefore fixed upon defendant liability for the damage resulting from such use.

Respondent relies upon two propositions, viz.: "The utmost reliance must be placed upon the trial judge who sees and hears the witnesses," and, "where the defendant, by his own course, has created doubt as to his credibility, the judgment will be affirmed in favor of plaintiff, whose testimony was believed by the judge.

[1, 2] Where there is conflicting testimony in relation to the material facts of a case and the judge is called upon to ascertain the facts, the authorities cited by respondent in support of the foregoing propositions have application, but in this case all of the facts are admitted and are detailed in the agreed statement of facts, which we have quoted, supra. As we see it, the only issue is whether or not the admitted facts fix liability upon relator in any sum. It is admitted that relator is not chargeable with negligence, that the driver only operated the truck, as

relator's employee, on week days during business hours, that the uncontradicted testimony is that the driver was operating the truck on a Sunday for his own purposes and without the knowledge or consent of relator, when it ran into respondent's automobile, and that relator did not allow the driver to use the truck except on week days and for the purposes of relator's own business.

[3] Under this state of facts there is no substantial basis in reason or equity or law for mulcting the relator in damages for the unlawful act or negligence of the employee. At the very least, a reasonable connection between the employer and the act of his employee which caused the damage must be shown, when it appears that the employee was not acting within the course of his employment, before any liability therefor attaches to the employer. And this is true regardless of a promise, made to a third person, to repair the damage, which promise the employer made under a misapprehension of his legal rights and before he had knowledge of all the facts.

The requisites to the recovery of damages are given in Am. & Eng. Ency. of Law (2d Ed.) vol. 22, p. 548, from which we quote the following:

"It is a fundamental principle, it has been said, applicable alike to breaches of contract and to torts, that in order to found a right of action there must be a wrongful act done, and a loss resulting from that wrongful act; *the wrongful act must be the act of the defendant,* and the injury suffered by the plaintiff must be the natural and not merely a remote consequence of the defendant's act." (Italics ours.)

Article 2320, C. C., reads:

"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."

In Le Breton v. Kennedy, 27 La. Ann. 432, our predecessors held that masters are not liable for an injury done by a workman outside the scope of his employment. In Ware v. Barataria, etc., Canal Co., 15 La. 172 (35 Am. Dec. 189), the court said:

"The distinction is obvious between the willful and deliberate acts of agents amounting to offenses which they might commit, even when attending to the functions entrusted to them, and those acts of imprudence, unskillfulness and ignorance, in the discharge of their duties, which may occasion injury to others."

[4] The ruling in Vara v. R. M. Quigley Const. Co., 114 La. 261, 38 So. 162, is to the same effect. It is needless to multiply authorities, for, except in the class of cases coming under the Workmen's Compensation Act (Act No. 20 of 1914 as amended), this court has consistently held that employers or principals are not liable for the acts committed by their employees or agents outside the course of their employment.

For these reasons we think that the judgment rendered by the first city court should have been reversed, and that the Court of Appeal erred in affirming that judgment. It is therefore ordered that the judgment of the Orleans Court of Appeal, affirming the judgment rendered in this case by the first city court of Orleans, be set aside and avoided, and that plaintiff's suit be dismissed, and that all costs be paid by plaintiff, the respondent herein.