FIDELITY & DEPOSIT COMPANY OF MARYLAND *v.* CRANE COMPANY.

Opinion delivered December 17, 1928.

677

*Pryor, Miles & Pryor*, for appellant.
*Daily & Woods*, for appellee.

HART, C. J., (after stating the facts). Appellant seeks to reverse the judgment on the ground that it had inserted a provision in the bond expressly providing that it should not, as surety, be liable, directly or indirectly, to any one except the owner, which was the board of trustees of the University of Arkansas. The language used in the bond is plain and unambiguous. By incorporating this provision into the bond, nothing is left to interpretation. All doubt as to the intention of the parties is removed.

It is conceded that bonds of this character are contracts, and it is sought to uphold the judgment of the circuit court on the ground that our statute relating to the subject must be read into the bond as a part of the obligation of the surety. Section 6913 provides, in effect, that whenever any public officer shall, under the laws of this State, enter into a contract in any sum exceeding

one hundred dollars with any person for the purpose of constructing any public building, such officer shall take from the party contracted with a bond with sureties as provided in the statute, and that the bond shall be conditioned that such contractor shall pay all indebtedness for labor and materials furnished in the construction of said public building.

Counsel for appellant seek to reverse the judgment upon the authority of *Union Indemnity Co.* v. *Covington, ante,* p. 533. In that case the court had under consideration the construction to be placed upon §§ 6915 and 6916, providing for similar conditions in the contracts for the construction of churches or charitable institutions, and for the giving of a bond containing a similar condition, and for the filing of the bond in the office of the circuit clerk. It was there contended, as here, that any bond given by the contractor must necessarily contain the provisions of the statute and be construed as a statutory bond. In that case the bond sued on contained a condition that in no event shall the surety be liable to any other person than the obligee or for a greater sum than the penalty of the bond. The court held that the obligations contained in the bond expressly negative the claim that the bond sued on was a statutory bond. The effect of that decision was to hold that, notwithstanding the language of the statute, a surety company might limit its obligation under the bond to the obligee, and that the terms of the statute should not be construed as a part of the contractual obligation of the bond. The court held that the language of the statute was not definite enough to prohibit the parties from agreeing to the execution of a bond which should not embody the provisions of the statute.

Counsel for the plaintiff recognized the force of this decision by contending that a different rule obtains in the case of a public contractor's bond executed pursuant to the statute. They insist that the Legislature, in passing the statute requiring a public contractor's bond to contain certain conditions, has declared such to be the

public policy of the State, and that all bonds executed shall be conclusively presumed to be statutory bonds, and any provision therein contrary to the statutory law is null and void. In support of their contention they cite *Philip Carey Co.* v. *Maryland Casualty Co.*, 201 Ia. 1063, 206 N. W. 808, 47 A. L. R. 495. In that case the court held (quoting syllabus):

"Where the situation is such as to require a statutory-contractor's bond, and the bond given conforms in material and essential respects to the requirements of the statute, the parties will be held to have intended to make a statutory bond, notwithstanding the omission from the bond of conditions required by statute, or the inclusion of stipulations contrary to the statute, if the statute provides that the requirements of the statute shall not be annulled by contrary provisions in the bond."

In that case, however, the statute provided that no contract coming within the provisions of the act shall be of any validity until the bond required has been executed. The court held that the situation of the parties and the circumstances showed that the parties intended to execute a bond under the statute, and, for that reason, the conditions of the bond contrary to the provisions of the statute should not modify or annul the requirements of the statute, because in this way the purpose of the act would be defeated and it would fail to accomplish the end intended.

Again, in *Southern Surety Co.* v. *Klein* (Texas), 278 S. W. 527, a similar contention was made. The court held (quoting syllabus):

"Though city refused to accept a bond containing provisions required by Vernon Sayles' Ann. Civ. St. 1914, arts. 6394f, 6394g, and furnished bond without such provisions, the statutory provisions making bond payable to, or for use and benefit of, laborers and materialmen are nevertheless read into the bond, regardless of the intention of the parties, and parol evidence is not ad-

missible to establish intention of the parties to exclude provisions of statute."

In that case the statute provided that in contracts for the construction of public works the contractor should be required to execute a bond with sureties before commencing the work. Hence it was held that, where the contractor commenced the work and executed a bond, he did so in obedience to the statute and with the intention of complying with its terms. It was held to be a statutory bond, and, in addition, that terms contrary to the provisions of the statute were null and void, because, if enforced, they would tend to nullify the statute.

The Supreme Court of North Carolina has adopted a construction similar to our own in the Covington case above cited. In the case of *Ingold* v. *City of Hickory*, 178 N. C. 614, 101 S. E. 521, the statute expressly provided that every county or municipal corporation which should let a contract for a public building should require the contractor, before beginning work under the contract, to execute a bond containing certain conditions. The court said the surety company had substantially incorporated the statute in the bond by reference to it, and to permit it to insert stipulations which would destroy its legal effect would put it in the power of cities and surety companies to defeat the purpose of the statute by contract. The provision was held to be contrary to the public policy of the State as declared by the Legislature.

In the later case of *Ideal Brick Co.* v. *Gentry*, 191 N. C. 636, 132 S. E. 800, the contract contained a stipulation that the contractor should pay for all materials, labor, etc., necessary for the execution of the work, but the obligation of the bond was not for the faithful performance of the contract as it related to the materialmen, but the surety agreed to indemnify the obligee, and no one else, against all loss that the obligee might sustain by reason of the principal's failure to comply with the provisions of the contract, and all other persons were

expressly excepted from the protective provisions of the bond.

Reliance was had by the plaintiffs on the Ingold case just cited. The court pointed out that the bond in that case contained a direct stipulation for the payment of laborers and materialmen and expressly referred to the requirements of the statute in explanation of its true meaning and intent. Continuing, the court said:

"It was held in Ingold's case, and rightly so, we think, that, where a bond was given in compliance with the requirements of the statute, the surety might not, in such case, restrict its liability to suit contrary to the statutory provision, for this would be to uphold a stipulation directly opposed to the public policy of the State, and thus enable the parties, by private agreement, to set the statute at naught, in direct violation of its terms. And here, if it did not clearly appear, from the terms of the bond, that it was not given in view of the requirements of the statute for the protection of the plaintiffs and to insure the faithful performance of the contract as it relates to them, we should be disposed to hold the stipulation restricting the surety's liability to suit void, as being contrary to the public policy of the State as expressed in the statute." See also *Warner* v. *Halyburton,* 187 N. C. 414, 21 S. E. 756.

The decision of the court in that case is in accord with our holding in the Covington case above cited. It is also in accord with the spirit of the decision in *Rieff* v. *Redfield School Board,* 126 Ark. 474, 191 S. W. 16. In that case the court held that, in the case of a bond given by a contractor to secure school directors, who were held to be public officers, the bond was executed pursuant to the statute and in obedience to it, and with the intention of complying with its terms, it was a statutory bond, although it did not strictly follow the provisions of the statute. If the court had meant to hold that our statute impliedly prohibits the execution of any bond by public contractors except in obedience to the

terms of the statute, the court should have declared such to be the legislative public policy in that case and have rested its decision on the ground that any bond executed by public contractors should be deemed to have been executed in obedience to the statute, and that the parties should have been conclusively presumed to have intended the bond to be a bond executed in obedience to the statute.

Section 6913 of the Digest provides that, whenever any public officer shall enter into a contract in any sum exceeding one hundred dollars, with any person, for the purpose of constructing any public building, such officer shall take from the party contracted with a bond conditioned as required by statute. It will be noted that the statute does not provide that stipulations of the bond contrary to its provisions shall not modify or annul the requirements of the statute. In other words, the statute does not contain any restrictive covenants such as were contained in the Texas, Iowa and North Carolina statutes. In all of these States the statute required the contractor to enter into a bond containing certain covenants before he commenced the construction of the public building under his contract. Here the statute simply makes it the duty of the public officers to take a bond of a certain character, and does not impose any regulations whatever upon the contractor, and does not provide, expressly or impliedly, that the parties shall not enter into any bond except pursuant to the statute, or which would in any way modify or annul any of the provisions of the statute.

Therefore we think it is more in accord with our previous decisions on the subject to hold that the statute does not prohibit the surety from executing a bond expressly restricting its liability to the obligee of the bond, where, as in this case, the bond does not contain any covenant showing that it was intended to be executed in obedience to the provisions of the statute, but, on the other hand, expressly negatives that idea.

The result of our views is that the judgment will be reversed, and the cause of action will ·be dismissed here. It is so· ordered.