FORT SMITH-VAN BUREN BRIDGE DISTRICT *v.* JOHNSON.

Opinion delivered March 3, 1930.

162

J. B. McDonough, for appellant.

Hill, Fitzhugh & Brizzolara and Warner & Warner, for appellees.

HUMPHREYS, J. Appellant, a bridge improvement district, brought suit against the collector of its revenues and the American Surety Company, which made his bond, in the circuit court of Sebastian County, Fort Smith District, to recover an alleged shortage of $1,250.67 in the collector's account with it. The complaint alleged that, before the collector entered upon his duties and obligations to collect the assessment of benefits in the district from the property owners therein, he was required to give a bond in the sum of $10,000, which was made by his co-appellee, American Surety Company of New York, the material part of which is as follows:

"We, William Dewey Johnson, as principal and the American Surety Company of New York, as surety, bind

ourselves to pay Fort Smith & Van Buren Bridge District, Forth Smith, Arkansas, as obligee, such pecuniary loss, not exceeding ten thousand and no/100 dollars, as the latter shall have sustained of money or other personal property by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, or willful misapplication on the part of the principal, directly or through connivance with others, while holding the position of collector in the service of the obligee.''

The complaint alleged, as one of the grounds for a recovery against its collector that he collected $1,250.67 of its revenues which he failed and refused to turn over to it on December 29, 1927, at the time same became due.

The complaint also alleged as a ground for recovery against both its collector and his surety on the bond, the appellees herein, that its collector willfully misapplied said money.

Appellees filed separate answers to the complaint denying the alleged shortage in the accounts, the willful misapplication of the revenues collected, or the violation of any of the terms or conditions of the surety bond sued upon. In addition to these denials, the American Surety Company said that, if the collector, its co-appellee, failed to account to appellant for the sum of $1,250.67, or any other sum or amount whatsoever, such failure was due solely to the fact that said sum of money was stolen from the office of appellant, and without the knowledge or consent of Johnson, the collector, and that it was not obligated under the terms of the bond for moneys or property stolen, embezzled, wrongfully abstracted or willfully misapplied by third persons, without the knowledge and consent of the said Johnson, and without his connivance therein.

The cause was submitted to the jury upon the testimony adduced by the respective parties on conflicting evidence as to whether there was a shortage; if so, whether the fund was willfully misapplied by Johnson, the collector, or whether stolen by a third party under the theory

that the bond sued upon was strictly a fidelity bond, and not a statutory bond, and that, in order for appellant to recover from either or both of the appellees for a short-age in the accounts of its collector, it must appear from the weight of the testimony that the shortage resulted from fraudulent or dishonest acts of appellant's collector. The jurymen were told by the trial court that the bond sued upon only covered loss of funds through fraudulent or dishonest acts of appellee, Johnson, and if they believed, from the evidence in the case, that some person or persons, other than Johnson, stole the funds of appellant, they should return a verdict for appellees.

The trial of the cause resulted in a verdict and judgment for appellees, from which is this appeal.

As far as the American Surety Company is concerned, the only important question presented for determination on this appeal, is whether the bond sued upon indemnified appellant against a loss or shortage in the account of its collector in any event, or whether the indemnity was restricted to a shortage or loss in his accounts due to a willful misapplication of the funds by him. Appellant contends that the trial court erred in restricting the indemnity to the terms of the bond because the statute creating the district provided for a bond to be given by the collector, "conditioned that they will faithfully discharge the duties of their office, and account for and pay over all moneys that come into their hands, according to law, and the order of the commission"; and that this condition shall be read into the bond, whether written therein or not. The doctrine relative to indemnity bonds in this State, as announced in the cases of *Union Indemnity Co.* v. *Covington,* 178 Ark. 533, 12 S. W. (2d) 884, and the *Fidelity & Deposit Company of Maryland* v. *Crane Company,* 178 Ark. 676, 12 S. W. (2d) 872, 874, is that where the statute requires the giving of such bonds the conditions contained in the statute will not be read into the bond, where "the bond does not contain any covenant showing that it was intended to be executed

in obedience to the provisions of the statute, but, on the other hand, expressly negatives that idea.'' In the instant case the obligations in the bond expressly negative the idea that it was intended as a statutory bond. It would do violence to the language of the bond itself to construe it as a statutory bond, for the provisions of the bond negative any such construction.

Appellant also contends for a reversal of the judgment because the burden of proof was cast upon it by the trial court, in the instructions to the jury, to show that the shortage, if any, was a willful misapplication of the fund. In answering the American Surety Company not only denied the allegations of the complaint that the shortage was due to a willful misapplication of the funds by the collector, but stated that if there was a shortage it was due to the fact that the amount was stolen by a third party. Appellant argues that the statement to the effect that it was stolen by a third party constituted an affirmative defense and shifted the burden to appellee on that issue, but we think not. It amounted to a denial of a misapplication in a more definite way than it had done in its general denial of the misapplication of the funds by Johnson. We think it was a negative defense, and did not shift the burden of proof to the American Surety Company. The burden still rested upon appellant to show a willful misapplication of the funds under the terms of the bond.

Appellant also contends for a reversal of the judgment on the ground that the court erroneously permitted appellant to cross-examine Houston J. Payne touching the proportion of cash in checks received by him in the collection of the revenues of the Sebastian Bridge District. Houston J. Payne officed in the same room with William Dewey Johnson, and both were collectors of the revenues of separate bridge districts covering the same territory. Houston J. Payne was called by appellant as a witness to show the conditions and circumstances surrounding the alleged theft, and the cross-questions were

directed to an ascertainment, if possible, of the amount stolen in cash from Johnson in the absence of both during the lunch hour. We think this testimony a circumstance material to a determination of whether there was a shortage, and whether and how much of it resulted from the theft of a third party.

We think, however, that the allegation in the complaint is broad enough to cover any shortage that may exist in the accounts of the collector from him personally under his statutory or common-law liability. He cannot escape from his statutory or common-law liability to account for all the funds that came into his hands, because he furnished a bond to the district restricting his liability in the bond to fraudulent or dishonest acts on his part. He was personally responsible to the district for all the funds collected by him, irrespective of the terms of his bond. The trial court erred, therefore, in restricting his liability to the terms of his bond in submitting the case to the jury. As far as he is concerned, the cause should have been submitted to the jury upon the theory that if there was a shortage he was responsible in dollars and cents for the amount thereof.

The cause will therefore be affirmed as to the American Surety Company and reversed as to William Dewey Johnson, and as to him remanded for a new trial.

Mr. Justice KIRBY dissents.