MULLINS v. RITCHIE GROCER COMPANY.

Opinion delivered February 16, 1931.

*J. V. Spencer* and *Marsh, McKay & Marlin,* for appellant.

*Taylor Roberts* and *Mahony, Yocum & Saye,* for appellee.

HART, C. J., (after stating the facts). The principal question involved upon the appeal is whether or not under proof of the facts stated, the court should have submitted the case to the jury. In case-notes to 17 A. L. R. 621, and 29 A. L. R. 470, the general rule is stated that, in order to hold an employer liable for injuries by an automobile while being driven by or for a salesman or collector, the relation of master and servant must exist, and the servant must, at the time, have been acting within the scope of his employment in performing an act for the master's benefit. Among the cases from various courts of last resort, which are cited as sustaining the rule, is that of *Terry Dairy Co.* v. *Parker,* 144 Ark. 401, 223 S. W. 6. To the same effect, see *Potts* v. *Pardee,* 220 N. Y. 431, 116 N. E. 78, 8 A. L. R. 785; *Rose* v. *Balfe,* 223 N. Y. 481, 119 N. E. 842, Ann. Cas. 1918D, 238; and *Guthrie* v. *Holmes,* 272 Mo. 215, 198 S. W. 854, Ann. Cas. 1918D, 1123.

In a case-note to 42 A. L. R. at page 919, it is stated that proof that the automobile causing the damage belonged to the defendant, and was being operated at the time of the injury by an employee of the defendant, creates a reasonable presumption that the driver was acting within the scope of his employment or in the course of his master's business. This presumption, however, is one of fact, and may be defeated or overcome by testimony tending to contradict it. Our own court adopted this rule in the case of *Terry Dairy Co.* v. *Parker,* 144 Ark. 401, 223 S. W. 6. In this connection, it may be stated that the phrase "in the course or scope of his employment or authority," when used relative to the duties of the servant or employee, in cases of this sort, means

while engaged in the service of his master or while about his master's business.

The doctrine is settled in this State that, if the automobile causing the accident belongs to the defendant and is being operated at the time of the accident by one of the regular employees of the defendant, there is a reasonable inference that at such time he was acting within the scope of his employment and in the furtherance of his master's business. The inference or presumption of fact, however, may be rebutted or overcome by evidence adduced by the defendant during the trial. Where the evidence on this point is contradictory, the question is one for the jury. Where the facts are undisputed and uncontradicted, it becomes a question for the court. *Healey* v. *Cockrill,* 133 Ark. 327, 202 S. W. 229, L. R. A. 1918D, 115; *Bizzell* v. *Hamiter,* 168 Ark. 476, 270 S. W. 602; and *Hunter* v. *First State Bank of Morrilton,* 181 Ark. 907, 28 S. W. (2d) 712.

It is earnestly insisted that the doctrine established in the Hunter case warranted the court in directing a verdict for appellee; and that, in the application of it to the facts of the present case, the judgment must be upheld. We do not think so. We adhere to the rule laid down in the Hunter case, and in support of it cite *Tinker* v. *Hirst,* 162 La. 209, 110 So. 324, where it was held that the employer of a driver, operating a truck on week days, is not liable for the negligence of an employee while using the truck on Sunday for his own purposes, without the knowledge or consent of his employer. The reason is that the wrongful act must be the act of the defendant and the injury suffered by the plaintiff must be the natural and not merely a remote consequence of the defendant's act. So, it is settled, at least in this State, that where it appears that the employee was not acting within the course of his employment, no liability attaches to the employer because there is no reasonable connection between the employer and the act of his employee which caused the damage.

The rule of the liability of the master for the wrongful act of his servant rests upon the doctrine of agency. Therefore, the universal test of the master's liability is whether there was authority, express or implied, for doing the act. If it be done in the course of and within the scope of the employment, the master will be liable for the act, if negligent. It is equally well settled that a master is not liable for every wrong which the servant may commit during the continuance of the employment. The liability can only occur when that which is done is within the real or apparent scope of the master's business. It does not arise when the servant steps outside of his employment to do an act for himself, not connected with his master's business. The master is only responsible so long as the servant can be said to be doing the act, in the doing of which he is guilty of negligence, in the course of his employment. *Marrier* v. *St. Paul, M. & M. Ry. Co.*, 3 Minn. 351, 17 N. W. 952, 47 Am. Rep. 793.

In the Hunter case, the undisputed evidence showed that the employee did not have general control over the automobile at all times, but was only allowed to keep it over night on special occasions. He not only was not allowed to use it on Sunday, but the terms of his employment did not require him to do so. Here the facts are essentially different. Lewis, a salesman and collector for the Ritchie Grocer Company, was furnished an automobile by the company to use in the furtherance of his master's business. He was in the general employ of the master and was allowed the exclusive use and control of the automobile. The accident happened on a week day; and, under the authorities above cited, this made a *prima facie* case in favor of appellant upon proof of negligence. The negligence of Lewis was proved and, in fact, was conceded by counsel for appellee. The *prima facie* case made by proof of the facts stated was not overcome merely by proof that Lewis, by the terms of his employment, was not required to work on Saturday. Such evidence was a circumstance only tending to show that he was not acting in the course of his employment at the

time the accident occurred. Neither can it be said that the fact that the accident occurred at eleven o'clock, which was after usual business hours, *overcomes* or defeats the *prima facie* case made by appellant. It is a matter of common knowledge that servants in the discharge of their duties often are delayed or prevented from completing their work during usual business hours. In the present case, the fact that the order blanks of the company were in the car was a circumstance, however slight, it might be deemed by the jury, tending to show that Lewis was in the furtherance of the business of the company at the time the accident occurred. See *Duckworth* v. *Stephens*, 181 Ark. 161, 30 S. W. (2d) 840.

The excluded proof also tended to establish that fact. It will be remembered that appellant offered to show by witness that he helped John Lewis to repair his automobile between five and six o'clock in the afternoon near Gregory City, and that, while doing so, Lewis told him he was trying to collect some accounts or bills for the Ritchie Grocer Company. It is true that it is well settled that the fact of agency cannot be established by the declarations of the agent, but this was not the purpose of the testimony. The fact of agency had already been established by evidence which was not attempted to be contradicted. The offered evidence was for the purpose of showing that Lewis was acting in the furtherance of his master's business or in the course of his employment as traveling salesman in a place where his duty called him, and the evidence was competent for that purpose. Hence the court erred in excluding it and erred in taking the case from the jury by directing a verdict for appellee. For these errors, the judgment must be reversed, and the cause will be remanded for a new trial.

OPINION ON REHEARING.

Opinion delivered March 16, 1931.

HART, C. J. We adhere to our ruling that the defendant's ownership of the car, coupled with proof that the driver at the time of the accident was in the regular

employment of the defendant as salesman and had general charge of the car, raises a presumption that he was acting within the scope of his authority. In this connection it may be stated that there is a distinction between presumptions of law and presumptions of fact, which is clearly and fully stated in Wigmore on Evidence, vol. 5 (2d ed.) § 2491. To illustrate, we have a statute making railroads responsible for all damages to persons and property done or caused by the running of trains, and proof of the injury under the statute makes a *prima facie* case for the plaintiff. It is a presumption of law based upon public policy as declared by the Legislature. The presumption thus raised by law does not of itself possess probative weight. Hence, when evidence is introduced rebutting the presumption, it may be overcome, and where the evidence of the basic facts is undisputed, the legal presumption will disappear, and no longer exist.

The presumption with which we are dealing in the present case is not a legal presumption, but is an inference or presumption of fact. Its existence is called into being by proof introduced on the subject and not by any statute dealing with the question. This being so, the opposing evidence must be weighed by the jury for the reason that under art. 7, § 23, of our Constitution, the jury is the judge of the facts proved. The rule is stated in 6 Labatt on Master and Servant, (2d ed.) § 2281A, as follows:

"A servant may be presumed *prima facie* to have been acting in the course of his employment, wherever it appears, not only that his master was the owner of the given instrumentality, but also that, at the time when the alleged tort was committed, it was being used under conditions resembling those which normally attended its use in connection with the master's business."

In the present case, the evidence showed that the negligence of the driver of the automobile was the proximate cause of the accident, and the undisputed evidence showed that the driver was regularly employed by the

226

defendant and was intrusted with the use and care of the automobile.

The declaration of the driver on the afternoon before the injury was made on a week day, at a time and place where his duties called him. His statement tended to show that he was acting in the course of his employment, and was admissible to show that he was acting within the real and apparent scope of his authority; and not for the purpose of establishing his agency, which had already been established by undisputed evidence. It was admissible as tending to show that he was acting within the course of his employment as if he had sold goods or collected accounts on that day and his employer had claimed that he was not acting within the course of his employment.

Therefore, the petition for rehearing will be denied.