*561
 
 BRUNOT, J.
 

 This is a suit for damages for the alleged slander and abuse of the plaintiff and his wife. The trial judge dismissed the suit, with costs, and the plaintiffs appealed from the judgment. Only questions of fact are involved.
 

 The plaintiff and his wife were tenants of the defendant, They were in arrears in the payment of the rent due by them. They were served with a notice to vacate the defendant’s premises. They rented a house in a different part of the city of New Orleans and moved into it. A few days thereafter the defendant located the house then occupied by the plaintiffs and called at that house.
 

 Upon all other facts of the case the testimony is conflicting. The testimony for the plaintiffs is to the effect that, when the defendant called at their house, she did not mention the sum, amounting to $28, the plaintiffs were indebted to her for past-due rent, but she demanded information of them as to a 25-cent electric globe shade that was missing from the front room of her house. She was first told that the shade was on the mantle in the second room, but was later told that, in the act of moving, the shade was accidentally broken.
 

 In the conversation which ensued, the defendant, in a loud voice which was heard by neighbors occupying an adjoining apartment, said to the plaintiff Joseph Meyers that he was a thief, and to the other plaintiff, Mrs. Meyers, that she was not a lady.
 

 Eor the defendant, Mrs. George, testified that she called on the plaintiffs to collect the rent they owed her, and she positively denied the testimony of the plaintiffs with respect to any slander or abuse of them. A reading of her testimony indicates that she is a woman of some refinement and good business judgment. What she says she did is what a reasonable business man would be expected to do under similar circumstances. What the witnesses for the plaintiff say she did is unreasonable and extremely doubtful. The learned trial judge had the witnesses before him; he observed their demeanor while tes^ tifying, and he was impressed with the accuracy and truthfulness of the defendant’s testimony. Under the circumstances we cannot say that he erred.
 

 In the case of Tinker v. Hirst, 162 La. 209, 110 So. 324, 325, it is said:
 

 “Respondent relies upon two propositions, viz.: ‘The utmost reliance must be placed upon the trial judge who sees and hears the witnesses,’ and, ‘where the defendant, by his own course, has created doubt as to his credibility, the judgment will be affirmed in favor of plaintiff, whose testimony was believed by the judge.’
 

 “Where there is conflicting testimony in relation to the material facts of a case and the judge is called upon to ascertain the facts, the authorities cited by respondent in support of the foregoing propositions have application.”
 

 In Ponder v. Coyle, 164 La. 905, 114 So. 729, the syllabus is as follows: “Judgment based on conflicting evidence and not manifestly erroneous will be affirmed.” In this connection we cite Hanton v. N. O. & C. R. L. & P. Co., 124 La. 562, 50 So. 544, on rehearing; Winn v. Strickland, 151 La. 235, 91 So. 719; Wall v. Dudley, 152 La. 911, 94 So. 341; Grau v. Consolidated Dredging Co., 162 La. 205, 110 So. 202.
 

 
 *563
 
 Por the foregoing reasons the judgment appealed from is affirmed at appellants’ cost.
 

 O’NIELL, O. J., absent.