BENTON COUNTY LUMBER COMPANY *v.* NATIONAL SURETY COMPANY.

Opinion delivered July 1, 1929.

*McGill & McGill,* for appellant.

*Warner & Warner,* for appellee.

MEHAFFY, J.  Sewer Improvement District No. 1 of Bentonville, Arkansas, entered into a written contract with Carl C. Silver, doing business as the Silver Construction Company, for furnishing all materials and labor in the construction of a sanitary sewer system in the city of Bentonville.  The plans and specifications were attached to the contract, and said plans and specifications with the proposal are, by the terms of the said contract, to become the specific agreement and contract between the parties in all matters and things set forth and described.

The price or sum for which the contractor agreed to do the work was $87,090.58.  The contract provides for the manner of payment.  Thereafter the contractor, as principal, and the National Surety Company of New York, as surety, entered into a bond and bound themselves to the State of Arkansas and the board of improvement of Sewer Improvement District No. 1 of Bentonville, Arkansas, in the sum of $174,181.16, double the amount of the contract price, to secure the payment of all the indebtedness for labor and materials furnished in the construction and making said public improvements, and to perform each and every one of the covenants, conditions and agreements set out in said contract.

The appellant brought suit in the Benton Circuit Court against the appellee, National Surety Company of New York, alleging the execution of the bond, which was conditioned as follows: "Now if the principal shall pay all indebtedness for labor and materials furnished in the construction and making of said public improvements and shall well and truly perform each and every one of the conditions, covenants and agreements set out in the contract above referred to, on his part to be performed, this obligation shall be void, otherwise in full force and effect."

It was alleged that said bond was never filed in the office of the clerk of the circuit court of Benton County nor approved by the clerk as a statutory bond.

The appellant alleged that it had sold lime, cement and other necessary material, aggregating the sum of $4,116.43, all of which was used in the construction of the said system of sewers and said disposal plant; that Silver had paid on the account $3,414.61, leaving a balance of $701.82, for which appellant has asked judgment. There was no dispute about the amount of the indebtedness.

The appellee answered, alleging that the appellant had given to the contractor a receipt and release in full of the amount sued on, and that thereafter the moneys due and owing to said contractor upon said final estimate were paid in his behalf and satisfaction of his indebtedness to the First National Bank and the Benton County National Bank, in the city of Bentonville; that said payments were made in reliance upon said receipt and release given by appellant, and after appellant had represented to the board that the amount had been paid in full; that appellant is estopped to assert any claim upon said account, and is not entitled to recover from appellee. It alleged that, if appellant was entitled to recover, appellee was entitled to judgment against said banks for the amount of such recovery.

Appellee further alleged that a bond was required and executed pursuant to the said provisions of the contract and in compliance with the laws and statutes of Arkansas, and said bond was and became a statutory bond. It also alleged that suit had not been brought within six months, and for that reason the cause of action was barred.

The cause was transferred to chancery court by agreement. The case was tried by the chancery court on oral testimony. The court held that the bond executed was a statutory bond, and the liability of the defendant surety company must be determined by §§ 6913 and 6914 of C. & M. Digest of the Statutes of Arkansas;

that said bond was never approved by the clerk of the circuit court of Benton County, Arkansas, or filed in his office, as provided by said sections, and that appellant's action on the bond was filed within five years from the completion of said improvement, but that the cause of action on the bond was barred because not brought within six months after the completion of the improvement, as provided by said § 6914, and the court dismissed appellant's complaint.

This appeal is prosecuted to reverse said decree.

If the chancery court was correct in holding that the bond was a statutory bond, it was correct in dismissing the case.

Section 6913 of C. & M. Digest reads as follows: "Whenever any public officer shall, under the laws of this State, enter into a contract in any sum exceeding one hundred dollars, with any person or persons, for the purpose of making any public improvements, or constructing any public building, or making any repairs on the same, such officer shall take from the party contracted with a bond with good and sufficient sureties to the State of Arkansas, in a sum not less than double the sum total of the contract, whose qualifications shall be verified, and such sureties shall be approved by the clerk of the circuit court in the county in which the property is situated, conditioned that such contractor or contractors shall pay all indebtedness for labor and material furnished in the construction of said public building, or in making said public improvements."

Section 6914 provides: "Such bond shall be filed in the office of the clerk of the circuit court in the county in which said public improvement is to be made or such public building is to be erected, and any person to whom there is due any sum for labor or material furnished, or his assigns, may bring an action on said bond for the recovery of said indebtedness; provided, that no action shall be brought on said bond after six months from the completion of said public improvement or buildings."

The appellant states that it may not be necessary to have the approval of the clerk as to the sufficiency of the security, but it does not admit that this is true, and calls attention to certain authorities. Section 6913 provides that sureties shall be approved by the clerk of the circuit court in the county in which the property is situated. This provision is manifestly intended for the benefit of persons who might have a cause of action on the bond and to protect their interests, and a provision for examining into the sufficiency of the bond and its approval by the clerk was enacted. The surety on the bond in the instant case, however, is a surety company, and, under the law authorizing such companies to do business in this State, it is provided that no such company shall do business in this State unless such company is possessed of $250,000 capital, fully paid in cash, and unless such capital and surplus holdings of said company to the extent of $50,000 is invested in bonds created by the laws of this State or of the United States, or other securities the value of which at the time of said deposit shall be at or above par; which investments are deposited with the Insurance Commissioner and State Fire Marshal, to be held in trust, or are deposited elsewhere for the benefit of all obligees of such company, the surety before mentioned, to which two officers of the company shall certify, and which certificates shall embrace the items of security so held, and shall state that they are satisfied that such securities are worth $50,000. The section further provides that any guaranty or surety companies may execute a bond signed by any other guaranty or surety company authorized to do business in this State, for the benefit of its obligees, in the sum of $50,000, to be approved by the Insurance Commissioner and State Fire Marshal, and filed in his office, instead of depositing the bonds as herein provided (See 6134, C. & M. Digest). No guaranty or surety company can do business in the State of Arkansas without complying with the laws of the State of Arkansas, and this would seem to be ample protection and make it unnec-

essary to have the surety examined and approved by the clerk of the county where the improvement is made. The contract itself clearly shows that it was the intention of the parties to execute the bond provided by statute.

In this case the parties entered into the contract which provided, among other things, that the contractor should give a bond as required by the statutes of Arkansas. The statutes of Arkansas require the bond mentioned in § 6913. That section provides that the bond shall be conditioned that such contractor or contractors shall pay all indebtedness for labor and material furnished in the construction of said public building or in making said public improvements. This character of bond was given, a bond provided by the statutes, and it is conceded by the appellant that the bond was made to the State of Arkansas, that it was made in double the amount of the contract price, and conditioned that the contractor shall pay all indebtedness for labor and materials furnished in the construction of the improvement. The only other things required by the statute that was not done was to file the bond in the office of the clerk of the circuit court, as required by § 6914 of C. & M. Digest.

The appellant calls attention to the case of *Fidelity & Deposit Company of Maryland* v. *Crane,* 178 Ark. 670, 12 S. W. (2d) 872. The court, however, in that case said, in referring to the case of *Rieff* v. *Redfield School Board,* 126 Ark. 474, 119 S. W. 16: "In that case the court held that in the case of a bond given by a contractor to secure school directors, who were held to be public officers, the bond was executed pursuant to the statute and in obedience to it, and with the intention of complying with its terms, it was a statutory bond, although it did not strictly follow the provisions of the statute."

The court in the above case held that the statute did not prohibit sureties from executing a bond expressly limiting its liability to the obligee of the bond, where the bond does not contain any covenant showing that it was intended to be executed in obedience to the provisions of

the statute, but, on the other hand, expressly negatives that idea. The court further held that, if there was a covenant showing that it was intended to be executed in obedience to the provisions of the statute, it would be a statutory bond. If the bond was made in an attempt to comply with the statute, and the intention of the parties was to make a bond in accordance with the laws of Arkansas, as they recited in the contract, then the law is a part of the bond.

"The law at the time of the execution of the bond is a part of it; if it gives to the bond a certain legal effect, it is as much a part of the bond as if in terms incorporated therein. Where a bond is given under the authority of a statute in force when it is executed, in the absence of anything appearing to show a different intention, it will be presumed that the intention of the parties was to execute such a bond as the law required, and such statute constitutes a part of the bond as if incorporated in it, and the bond must be construed in connection with the statute and the construction given to the statute by the courts. Such a bond must be given the effect which, in reason, must have been intended by the statute. Whatever is included in the bond, and is not required by law, must be read out of it, and whatever is not expressed, and ought to have been incorporated, must be read as if inserted into it. Although the terms of the bond may bear a broader construction, the liability of the parties will be confined to the measure of liability as contemplated by the law requiring the bond; but it will not be assumed that the legislative enactment intended to import to an instrument an effect different from that intended by the parties." (9 C. J. page 34).

We think it clearly appears that the parties intended a statutory bond, and it was executed in all respects as required by the statute, except it was not approved by the clerk. Section 6914 does not provide for the making of the bond, but provides that, after the bond is made, such a bond shall be filed. If the bond was made by the

parties in compliance with the statute, then the mere fact that they failed to file it with the clerk would not prevent it from being a statutory bond.

All persons furnishing labor or material or doing work, who are intended to be protected by such statutory bonds, can, before performing labor or furnishing materials, ascertain whether a bond has been given by applying to the owner as easily as by applying to the clerk.

We do not deem it necessary to review the decisions cited and relied on by the parties in this case, because the only question is whether or not the bond in this case is a statutory bond. If it is, of course suit must be brought within six months from the completion of the improvement, and in this case suit was not brought within that time. We think it unnecessary to set out the testimony or to decide the other questions raised and discussed by counsel. The conclusion reached that the cause of action was barred because not begun within six months makes a decision of the other questions unnecessary.

The decision of the chancery court is correct, and the decree is therefore affirmed.