BOEHMER *v.* SHORT.

Opinion delivered November 16, 1931.

*Pryor & Pryor,* for appellant.

*Roy Gean,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment for $1,300 obtained by appellee against appellant in the circuit court of Sebastian County, Fort Smith District, for injuries to her automobile and herself, resulting from the negligence of an employee of appellant in driving their service car into appellee's car. The driver was a negro regularly employed by appellant to wash cars and drive a service car. The cars were moving in the same direction on the highway between Fort Smith and Van Buren, and, just before reaching the free bridge, the negro overtook and ran into the rear end of appellee's

car and injured both the car and appellee. The negro abandoned appellant's car and absconded before the officers arrived on the scene. There was a chain in the service car which was used to attach the service car to wrecked cars and haul them in. The appellee used this chain in attaching her car to the car of the two young men who pulled her home. A single barrel shotgun was in the back end of the service car. There was a negro in the service car who stated that the driver had picked him up to accompany him on a hunting trip. The collision occurred at about two-thirty o'clock P. M. Christmas day. The next morning, Gus Boehmer, who was the senior member of the firm, in response to a 'phone call from appellee, came to appellee's home to see her car. According to the testimony of appellee and her witnesses, he admitted that the negro was their regular employee and made no denial that he was working for them. After examining her car, he admitted that she was not at fault, and said that he could not understand how it happened as the negro was a careful, dependable employee, and, before leaving, offered to repair her car as he was personally interested. Boehmer denied making the statement, saying that the substance of what he said was that he would investigate the matter, and, if he became convinced that they were liable, he would repair the car. Subsequently, Boehmer refused to fix the car.

H. A. Slack, one of appellee's witnesses, who corroborated her statement as to what was said in the conversation, later testified that Boehmer said the negro was in the habit of carrying his car keys and driving it when he wanted to. C. M. Short, the father of appellee, testified that he talked to Boehmer afterwards, and Boehmer made the statement to him that the negro was their employee, and that they would pay the damage. Boehmer denied making such a statement.

Appellee also testified that she called appellant's garage the day after the accident and inquired for the negro driver; that she was answered by a son of Boeh-

mer, who stated that he was not there; that he had an accident Christmas day and had not been seen since.

Appellant and his witnesses testified that they left the service car the negro was driving in the garage when they closed their business Christmas eve; that the garage doors were locked and remained in that condition until they opened them the morning of the 26th for business; that there were no evidences of the garage having been broken into, and that they could not account for him having the car as none of them had given him permission to take it or directed him to go anywhere for them; that no one except Boehmer, his son, and the foreman, had keys to the garage.

Over the objection and exception of appellant, the cause was submitted to the jury upon the issue of whether the driver, at the time of the injury, was acting within the scope of his employment and in furtherance of appellant's business, notwithstanding appellant's request for a directed verdict.

The sole question therefore involved on this appeal is one of agency, and appellant contends that the undisputed testimony shows that the negro driver was not appellant's agent, but, on the contrary, had unlawfully obtained possession of the car without the consent or knowledge of appellant, and, at the time of the injury, was on a hunting trip with another negro. If the undisputed proof reflected that the negro had stolen the car out of the garage and was using it for his own purposes and was not in pursuit of his employer's business, appellant would have been entitled to an instructed verdict. Appellee, however, made a *prima facie* case of liability against appellant when she showed that she was negligently injured by a regular employee of appellant, who was driving a service car belonging to appellant, properly equipped to haul in wrecked cars. *Mullins* v. *Ritchie*, 183 Ark. 218, 35 S. W. (2d) 1010; *Casteel* v. *Yantis-Harper Tire Co.*, 183 Ark. 475, 36 S. W. (2d) 406. It was ruled in both cases, however, that the *prima facie* case established by such proof might be overcome by testimony to

the contrary, saying that, where the evidence on that point was contradictory, the question became one for the jury.

We think the testimony adduced by appellant to the effect that at the time of the injury the negro driver was not engaged in the service of appellant was contradicted by the statements made by Boehmer the next day, if believed by the jury, and also was contradicted by the unreasonable statement made by appellant that the negro got the car out of the garage without their knowledge and consent. The jury might have disbelieved their unreasonable explanation and reasonably concluded that they had sent him to haul in a wrecked car. There were no evidences that the negro had broken into the garage. He had no key, and the only way he could have obtained it was from one of the three who had keys.

The facts in the instant case bring it within the principles announced in the Mullins and Casteel cases, *supra*.

No error appearing, the judgment is affirmed.