FOOKS *v.* WILLIAMS.

4-6936                                              168 S. W. 2d 193

Opinion delivered January 25, 1943.

*Buzbee, Harrison & Wright,* for appellant.

*J. H. Lookadoo* and *Lyle Brown,* for appellee.

McHANEY, J. Appellees, husband and wife, are non-residents of this State. They were injured in Arkadelphia, Arkansas, when their car, in which they were riding, and which had stopped, in obedience to a traffic light signal, at the intersection of a street with highway 67, was struck from the rear by a truck owned by appellant and driven by his employee, one T. O. Crain. Separate suits were brought by appellees against appellant and Crain, but no service was had on the latter and he is not a party to the action. These actions were consolidated for trial and are briefed here as one case. The actions were defended on the ground that Crain, although an employee driving appellant's truck, was not acting within the scope of his employment at the time of the accident and injuries to appellees. Trial resulted in verdicts and judgments in favor of appellees for $3,000 each.

The only question presented by this appeal is the sufficiency of the evidence to support the verdicts and judgments.

If T. O. Crain, the driver of appellant's truck, was acting within the scope of his employment at the time, appellant was liable in damages for the injuries sustained by appellees, or, if the proof is sufficient to make that question one of fact to go to the jury, the verdict is conclusive here.

The facts, succinctly stated are: appellant was engaged in the business of manufacturing, bottling and selling a soft drink called Grapette, with his principal place of business at Camden, with a warehouse for storing his products at Prescott, sale and distribution being made by trucks. One Morse was in charge of this warehouse for appellant and he also distributed Grapette in a designated territory over three routes, one of which was over highway 67 north of Prescott

to and north of Arkadelphia and as far north as the junction between highways 67 and 7. The only other salesman and distributor out of Prescott was said Crain, whose territory was south and west of Prescott, and he had no right to use the truck for his private purposes. Both trucks, when not in use in connection with appellant's business, were kept locked in a warehouse at Prescott, to which Morse and Crain each had a key. The practice of each was to take his truck out in the morning, cover his territory and, on his return the same day, place it back in the warehouse. On the day of the accident, December 18, 1941, Crain made his usual trip over his route south and west of Prescott and had returned, having stopped about a mile south of town and drunk a bottle of beer. He put the truck in the warehouse. Evidently the beer he had consumed was insufficient to satisfy his thirst, so, after a short time, he went back to the warehouse, got his truck which was loaded with empties and fulls, and drove away to get more beer. He stopped first at the The Oak Grill and then at Footsy's Place north of Prescott, consuming more beer at each place. At Footsy's, he ran into one Frank Spears and they decided to go north to Arkadelphia where Crain wanted to see a friend, but did not. On the trip to Arkadelphia they stopped along and drank more beer as they did in Arkadelphia. They decided they needed some whiskey, and, not being able to get it in said city, they drove to a liquor store some 4 or 5 miles north and purchased a pint which they drank at some other place. It was on the return trip that they ran into the car of appellees and injured them. Two witnesses, Gardner and Lipscomb, testified for appellees that on said date a man whom they had never seen before, with a Grapette uniform on, called on each of them to sell them Grapette. Neither made a purchase. Gardner's place of business is north of Arkadelphia and Lipscomb's is south—south of Gurdon. Both had been regularly serviced by George Morse whom both knew, but they did not know Crain who denied calling on them.

Under these facts, appellees wholly failed to make a case for the jury and the court erred in refusing to direct a verdict for appellant. Crain's work was done when he came in off his run and put the truck in the warehouse on December 18, 1941. His day's work was finished. In later going back to the warehouse and taking the truck out for purposes of his own, he occupied no better position than would a thief who might have stolen the truck for his own purposes and caused the damages here complained of, even though the thief might have called on customers of appellant in an attempt to sell his merchandise. We think this case is ruled adversely to appellees by the recent case of *Phillips Motor Co.* v. *Price, Admrx.*, 204 Ark. 827, 165 S. W. 2d 251, where Mr. Justice HUMPHREYS for the court said: "His (Cal Gossett's) primary purpose in going to Luxora from Blytheville was to attend to his own private business—and that the conversation with Lee Long (about selling him a truck) was an incident." The judgment against the Phillips Motor Company was reversed and dismissed, because there was no substantial evidence that Gossett was on his master's business, even though he had discussed with Long the matter of the sale of a truck to him, which was only incidental to the trip made on his own business.

Here Crain wrongfully and without any authority took appellant's truck out of the garage or warehouse, after the close of his day's work, and went on a drunken lark of his own. Appellant is not liable for his acts on such trip, even though he attempted to make sales to two customers of appellant. "His primary purpose was to attend to his own private business," if such a trip could be called a business trip, and his asserted attempted sale "was an incident."

Counsel for appellees cite a number of cases to sustain their action, some of them being *Mullins* v. *Ritchie Grocer Co.*, 183 Ark. 218, 35 S. W. 2d 1010; *Boehmer* v. *Short*, 184 Ark. 672, 43 S. W. 2d 541; and *Brundrette* v. *Hargrove*, 204 Ark. 258, 161 S. W. 2d 762. In none of the cases cited are the facts comparable to those here.

The judgment is, therefore, reversed and as the cause appears to have been fully developed, it is dismissed.

CARTER, J., dissenting. I think the presumption arising out of the ownership of this truck by appellant and from the fact that it carried his bottled drinks and was driven by his driver-salesman, plus the testimony that this employee on this trip tried to sell Grapette to at least two customers, was sufficient to entitle appellees to have the question of liability submitted to the jury. See *Mullins* v. *Ritchie Grocer Co.*, 183 Ark. 218, 35 S. W. 2d 1010; *Casteel* v. *Yantis-Harper Tire Co.*, 183 Ark. 912, 39 S. W. 2d 306; *Boehmer* v. *Short*, 184 Ark. 672, 43 S. W. 2d 541; *Ball, et al.*, v. *Hail, et al.*, 196 Ark. 491, 118 S. W. 2d 668; *Lion Oil Refining Co.* v. *Smith*, 199 Ark. 397, 133 S. W. 2d 835. I am authorized to say that Mr. Justice ROBINS concurs in this opinion.