Herbert B. VAUGHT *v.* Vernard ROSS

5-4602                                    428 S. W. 2d 631

Opinion delivered June 3, 1968

*Terral, Rawlings, Matthews & Purtle,* for appellant.

*J. Marvin Holmes,* for appellee.

J. Fred Jones, Justice. Appellant, Herbert Vaught, brought suit against the appellee, Vernard Ross, to recover damages in the amount of $1,449.75 suffered in an automobile collision with appellee's fourteen year old son, Bobby, who was driving appellee's automobile. The complaint alleged that the negligence of Bobby was imputed to his father, Vernard Ross. Appellee demurred to this complaint and appellant promptly amended it and specifically pleaded that Bobby was driving the car with his father's permission and that the negligence of Bobby was imputed to his father, Vernard Ross, under the provisions of Ark. Stat. Ann. § 75-315 (Supp. 1967), as amended.

The trial court, after hearing arguments of counsel, sustained the demurrer, from which comes this appeal.

Arkansas Statute Annotated § 75-315 (Supp. 1967), is as follows:

"(a)  The application of any person under the age of eighteen (18) years for an instruction permit or

operator's license shall be signed and verified before a person authorized to administer oaths by both the father and mother of the applicant, if both are living and have custody of him, or in the event neither parent is living then by the person or guardian having such custody or by an employer of such minor, or in the event there is no guardian or employer then by any other responsible person who is willing to assume the obligation imposed under this Act [§§ 75-301—75-311, 75-315—75-321, 75-324—75-348] upon a person signing the application of a minor.

(b) Any negligence or wilful misconduct of a minor under the age of eighteen (18) years when driving a motor vehicle upon a highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly and severally liable with such minor for any damages caused by such negligence or wilful misconduct.

(c) If any person who is required or authorized by Subsection (a) of this Section to sign and verify the application of a minor in the manner therein provided, shall cause or knowingly cause or permit his child or ward or employee under the age of eighteen (18) years to drive a motor vehicle upon any highway, then any negligence or wilful misconduct of said minor shall be imputed to such person or persons and such person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence or wilful misconduct. The provisions of this Subsection shall apply regardless of the fact that a driver's license may or may not have been issued to said minor. For purposes of this Act, a minor is hereby defined to be any person who has not attained the age of eighteen (18) years.

(d) The provisions of this Section shall apply in all civil actions, including but not limited to both actions on behalf of any actions against the person or persons required or authorized by Subsection (a) of this Section to sign the application in the manner therein provided."

Appellant contends that "Subsection (c) clearly states that if the person required to sign the application for a minor under 18 failed to do so, he is liable as though he had signed the application, the only restriction being that the parent have knowledge that the minor is driving a vehicle," and that since this was all alleged, the complaint is not demurrable and thus the trial court erred.

Appellee contends that "[the statute] provides that the 'negligence or wilful misconduct' is imputed to the 'person who is required or authorized . . . to sign and verify the application.' In this case there is no allegation that an application for a driver's license has been made, therefore, there is no one to whom the 'negligence or wilful misconduct' can be imputed by virtue of a signature" and thus the trial court properly sustained the demurrer.

We are of the opinion that the appellant is correct and that the trial court erred. Both appellant and appellee cite, as the only case relied on, our decision in *Richardson* v. *Donaldson,* 220 Ark. 173, 246 S. W. 2d 551 (1952). Only subsections (a) and (b) of § 75-315 were in effect when the decision in the *Richardson* case was handed down by this court. The *Richardson* case held, and rightly so, that negligence could not be imputed under § 75-315 to the father of a sixteen year old girl involved in a collision who did not have, and never had, a driver's license, because subsection (b) imputed liability only "to the person who has signed the application of such minor for a permit or license." Thus, the statute at that time clearly did not cover persons

who had not signed an application. The *Richardson* case also stated:

"... [T]he negligence of a child cannot be imputed to a parent merely because of the parental relationship, *in the absence of a statute so declaring.*

... [W]e have no such statute, applicable to a case like the one at bar. . . ." (Emphasis supplied).

After the *Richardson* case, the legislature passed Act 278 of 1955, Section 2 of which was digested as Ark. Stat. Ann. § 75-342.1 (Repl. 1957). This statute, § 75-342.1, was effectively the same as subsection (c) of the present § 75-315, with the exception that it did not apply where no driver's license had been issued. Then in 1961, by Act 495 of 1961, the legislature repealed § 75-342.1 and re-enacted its provisions into subsection (c), also making subsection (c) applicable to a case where no driver's license had been issued, and adding a new subsection (d) giving us our current statute, § 75-315.

Subsection (c) is clear and unambiguous. As it now stands, the negligence or willful misconduct of a minor is clearly imputed to any person *required or authorized* to sign and verify the application of a minor for a driver's license or permit, whether he does so or not, if he shall cause, or knowingly cause, or permit such minor to drive a motor vehicle upon any highway.

The intention of the legislature, as well as the emergency it recognized, is clearly stated in the emergency clause to Act 278 of 1955, supra, which is now subsection (c) of § 75-315, supra, when the legislature said:

"It is hereby determined that the present laws pertaining to the responsibility of parents for minors under the age of 18 who drive automobiles is inadequately defined and would permit a parent who

violates the law by failing to sign his child's driver's license application to thus escape liability for such child's acts while driving."

Arkansas Statute Annotated § 75-342 (Repl. 1957) makes it a misdemeanor for a person to cause or knowingly permit his child or ward to drive a motor vehicle upon any highway in violation of any provision of the Uniform Motor Vehicle Operator's and Chauffeur's License Act, Ark. Stat. Ann. § 75-301, et seq. Subsection (c) of § 75-315, supra, also fills the void indicated by the statement "in the absence of a statute so declaring" as stated in the *Richardson* case, supra.

We conclude that the trial court erred in sustaining the demurrer and that this case should be reversed and remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.