Vernard Ross v. Herbert B. Vaught

5-4913                                    440 S.W. 2d 540

Opinion Delivered May 19, 1969

*J. Marvin Holman* for appellant.

*Terral, Rawlings, Matthews & Purtle* for appellee.

FRANK HOLT, Justice. This is an action to recover damages from a parent for his child's negligent act. Appellee's automobile was damaged in a collision with a vehicle owned by appellant and being driven by appel-

lant's fourteen-year-old son. The complaint, as amended, alleged parental permission to drive the vehicle and that the negligence of appellant's son is imputed to appellant by virtue of Ark. Stat. Ann. § 75-315 (c) (Supp. 1967).

The trial court sustained appellant's demurrer to the complaint. On appeal from that order we reversed and remanded the case for trial. *Vaught* v. *Ross,* 244 Ark. 1218, 428 S.W. 2d 631 (1968). Thereupon the appellant filed an answer and counterclaim. The issues were joined by appropriate pleadings. The trial court, sitting as a jury, found that the minor was guilty of negligence which proximately caused the accident and that the child's negligence was imputed to his father, the appellant. Judgment was entered for appellee in the sum of $1,449.75, and from that judgment comes this appeal. Appellant contends as ground for reversal that there is no substantial evidence to support a judgment imputing the negligence of his son to appellant.

Ark. Stat. Ann. § 75-315(c) provides:

"If any person who is required or authorized by Subsection (a) of this Section to sign and verify the application of a minor in the manner therein provided, shall cause or knowingly cause or permit his child or ward or employee under the age of eighteen (18) years to drive a motor vehicle upon any highway, then any negligence or wilful misconduct of said minor shall be imputed to such person or persons and such person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence or wilful misconduct. *The provisions of this Subsection shall apply regardless of the fact that a driver's license may or may not have been issued to said minor.* For purposes of this Act, a minor is hereby defined to be any person who has not attained the age of eighteen (18) years." [Emphasis added]

Subsection (a) requires both parents, if living and having custody, to sign and verify under oath the application of their minor child for a driver's license.

Appellant's answer to the complaint admitted that a collision occurred between a vehicle owned and operated by appellee and a vehicle owned by appellant and driven by his fourteen-year-old son. It was specifically denied that the vehicle was being driven with permission of appellant.

Appellant and his wife were called as witnesses by appellee. They testified that their son, while working with his father, had been allowed to drive a truck in the woods from one pile of timber to another, but that to their knowledge he had never driven a family vehicle upon the highway. Appellant was not at home on the day of the accident. Mrs. Ross testified that she had company and was at home when her son drove the car, unnoticed and without permission. She last saw the car in the yard on the afternoon of the day the accident occurred. Mrs. Ross further testified that "sometimes his buddies drove" but that she did not give her son permission to drive the car. In her own words: "He had not been allowed to drive out."

Appellant contends that the burden of proof is upon the appellee, plaintiff in the trial court, and that "there is not one iota of evidence" in the record to show that appellant caused or permitted his son to drive the family automobile upon the highway. Appellee asserts that the testimony of appellant and his wife is unbelievable, that the trial court chose to disregard their testimony and that, therefore, there is sufficient evidence to support the judgment entered upon the court's findings of fact. Appellee further asserts that the proof of permission or the lack of it in this case is solely within the knowledge of the parents and, therefore, that the burden of proving lack of permission should be placed upon the parents of the minor.

This is a case of first impression in construing this subsection of § 75-315.

The rule announced in *Mullins* v. *Ritchie Grocer Co.,* 183 Ark. 218, 35 S.W. 2d 1010 (1931), bears on the issue in the case at bar. In *Mullins* we held:

> "The doctrine is settled in this state that, if the automobile causing the accident belongs to the defendant and is being operated at the time of the accident by one of the regular employees of the defendant, there is a reasonable inference that at such time he was acting within the scope of his employment and in the furtherance of his master's business. The inference or presumption of fact, however, may be rebutted or overcome by evidence adduced by the defendant during the trial. Where the evidence on this point is contradictory, the question is one for the jury. Where the facts are undisputed and uncontradicted, it becomes a question for the court." (citing cases)

The rule has been restated and consistently followed. See *Boehmer* v. *Short,* 184 Ark. 672, 43 S.W. 2d 541 (1931); *Ford & Son Sanitary Co.* v. *Ranson,* 213 Ark. 390, 210 S.W. 2d 508 (1948).

We think the doctrine of *Mullins* is applicable to the instant case. In the case at bar the appellant owned the automobile, and it was being driven by his unlicensed minor son. There was evidence that the boy had been permitted to drive other than upon the highway, and, according to the testimony of his mother, "Sometimes his buddies drove." When we consider this evidence and the reasonable inferences deducible therefrom, we think that, in the case at bar, appellee made a prima facie case of liability against appellant.

Next we turn to the question whether the prima facie case against appellant was overcome by testimony from appellant and his wife that they had not given their son

permission to drive the car upon the highway. In answering this question it is appropriate to review several established principles of law.

In *Skillern v. Baker*, 82 Ark. 86, 100 S.W. 764 (1907), we said:

"* * * It may be said to be the general rule that where an unimpeached witness testifies distinctly and positively to a fact and is not contradicted, and there is no circumstance shown from which an inference against the fact testified to by the witness can be drawn, the fact may be taken as established, and a verdict directed based as on such evidence. But this rule is subject to many exceptions, and where the witness is interested in the result of the suit, or facts are shown that might bias his testimony or from which an inference may be drawn unfavorable to his testimony or against the fact testified to by him, then the case should go to the jury."

See, also, 29 Am. Jur. 2d *Evidence,* § 162, and 31A C.J.S. *Evidence,* § 119.

In the case at bar the father is the defendant, and both parents are witnesses. It must be said that, as such, they are interested in the result of this action.

No rule is more firmly established than the rule that the credibility of witnesses and the weight to be given their testimony are solely within the province of the triers of fact. *Plunkett-Jarrell Grocer Co.* v. *Freeman,* 192 Ark. 380, 92 S.W. 2d 849 (1936).

In *Rex Oil Corporation* v. *Crank,* 183 Ark. 819, 38 S.W. 2d 1093 (1931), the appellant was found to be liable for the negligence of the driver of appellant's truck. It was admitted that the driver was in the general employ of the appellant corporation, and that the truck he was driving was the property of the corporation. The employee testified that on the morning of the day the colli-

sion occurred he had wholly abandoned the service of his master, and was pursuing his journey on a purely personal matter. The testimony of the employee was corroborated by that of his wife and a companion who were traveling with him. We followed *Mullins* v. *Richie Grocer Co., supra,* and held that despite their disclaimer there was a prima facie case made that the employee was in the conduct of his master's business. Further, we said that it was for the jury to say "whether such direct testimony overcame the inferences of fact raised by the circumstances proved." See, also, *Ball* v. *Hail,* 196 Ark. 491, 118 S.W. 2d 668 (1938); *Marshall Ice & Electric Co.* v. *Fitzhugh,* 195 Ark. 395, 112 S.W. 2d 420 (1938); *Casteel* v. *Yantis-Harper Tire Co.,* 183 Ark. 912, 39 S.W. 2d 306 (1931).

Accordingly, in the case at bar it was for the trial court, sitting as a jury, to weigh the inference of permissive use with the direct testimony to the contrary, and to say whether this "direct testimony overcame the inferences of fact raised by the circumstances proved."

Our interpretation of this subsection [§ 75-315(c)] is' in accord with and reaffirms our view of parental responsibility recently expressed in *Bieker* v. *Owens,* 234 Ark. 97, 350 S.W. 2d 522 (1961). There we said that a parent is liable, under certain circumstances, for negligently permitting, actively or passively, a minor child to commit a willful and negligent act which could reasonably be expected to cause an injury to another person. There we said:

> "It is within reason and good logic to say that the parent has a responsibility to control minor children while they are in their formative years. For while they are not in the custody of the parents, absent any official action to the contrary, no other source of control may be found. Of course minors above a certain age are subject to criminal and civil sanctions but these sanctions are remedial rather

than preventative. There is a question whether the civil sanctions are of any consequence since judgments against minors are of little practical effect. The old adage 'an ounce of prevention is worth a pound of cure,' could be applied in these situations if the responsibility for the prevention is placed on the parents."

As was said in the concurring opinion, we fervently trust that this opinion "will be effective in bringing to the attention of parents their responsibility for the actions of their minor children."

Judgment affirmed.