Sandra Kay ANDREWS, Administratrix of the Estate of Kenneth ANDREWS, Deceased *v.* Mark Lincoln SPRINGER, Charles SPRINGER and Mrs. Charles SPRINGER

CA 79-193                            594 S.W. 2d 586
Court of Appeals of Arkansas
Opinion delivered February 13, 1980
Released for publication March 5, 1980

Jeff Mobley of Mobley & Smith, and Niblock & Odom, for appellant.

Crouch, Blair, Cypert & Waters, for appellees.

DAVID NEWBERN, Judge. The sole issue here is whether it was error for the judge to refuse to give an instruction which correctly stated the law but which the judge found unnecessary and irrelevant. We affirm the refusal of the judge to give the instruction.

The appellant's decedent was killed when the motorcycle he was riding collided with a car driven by Mark Springer who was sixteen years old. It was undisputed that Mark's mother, Mrs. Charles Springer, had signed his driver's license application and that Mark was driving with the permission of his father, Charles Springer, when the accident occurred. Thus, any negligence of Mark found by the jury would have been imputed to his parents pursuant to Ark. Stat. Ann. § 75-315(b) and (c) (Repl. 1979). *Garrison* v. *Funderbunk,* 262 Ark. 711, 561 S.W. 2d 73 (1978); *Ross* v. *Vaught,* 246 Ark. 1002, 440 S.W. 2d 540 (1969); and *Vaught* v. *Ross,* 244 Ark. 1218, 428 S.W. 2d 631 (1968). The elder Springers were defendants and are appellees along with Mark.

The appellant requested Arkansas Model Instruction 804, as follows:

Charles Springer and/or Mrs. Charles Springer were required by law to sign the application of Mark Lincoln Springer for an operator's license. If you find

that they knowingly permitted Mark Lincoln Springer to drive a motor vehicle upon any highway or street, and that Mark Lincoln Springer was negligent, then his negligence will be charged to Charles Springer and/or Mrs. Charles Springer.

The trial court refused to give the instruction because there was no issue whether Mrs. Springer signed the license application or whether Mr. Springer permitted Mark to drive, the appellees having conceded those facts. In a discussion among the judge and counsel, a lawyer for the appellant said he wanted the instruction because it would have a psychological effect on the jury as "[s]ometimes they would be very hesitant to saddle a youngster by himself." He also said he wanted to argue to the jury that the parents would share the responsibility. The judge responded that he would sustain an objection to counsel arguing law to the jury outside the instructions.

The case was submitted to the jury on interrogatories. The first interrogatory was as follows:

Do you find from a preponderance of the evidence that Mark Lincoln Springer was guilty of negligence which was a proximate cause of the occurrence?

The jury decided the case by answering that interrogatory in the negative.

The judge was correct. The note on the use of AMI 804 is as follows: "Do not use this instruction when the case is submitted on interrogatories." Judges should abide by the notes on use when possible. *Chicago, Rock Island and Pacific Railroad Co.* v. *Hughes,* 250 Ark. 526, 467 S.W. 2d 150 (1971); *Beevers* v. *Miller,* 242 Ark. 541, 414 S.W. 2d 603 (1967). Although the judge did not refer to the note on use as a reason for his refusal to give the instruction, the reason he offered, *i.e.,* no factual issue, is most likely the basis for the note having been included with the AMI, and is a good reason, regardless of the note. *Weatherford* v. *George,* 229 Ark. 536, 317 S.W. 2d 147 (1958); *Braman and the Gus Blass Co.* v. *Walthall,* 215 Ark. 582, 225 S.W. 2d 342 (1949).

Nor was it wrong for the judge to indicate he would sustain an objection to argument of "uninstructed" law to the jury. We find a limited but useful analogy to *Buckeye Cellulose v. Vandament,* 256 Ark. 434, 508 S.W. 2d 49 (1974). There counsel for a plaintiff argued to the jury that the trial judge could reduce a big judgment but could not increase a small one. That was a correct statement of law, but the supreme court held it was improper argument and prejudicial to an extent which was not overcome even by the judge's admonition to the jury to disregard it.

In the case before us, the appellant's lawyer wanted the jury to know the parents would share any liability the jury found with respect to Mark. It would not have been an incorrect statement, but it could have been prejudicial because, as the appellant's lawyer seemed to admit, it would have made it more likely for the jury to have determined Mark was negligent, despite its irrelevancy to that conclusion.

We are not unmindful that had this case been submitted to the jury for a general verdict rather than on interrogatories, with an issue as to signing the application or permission to drive, the instruction would have been appropriate, and the very prejudice we find to have been possible in this case would, as if by magic, have become unobjectionable. Nor are we unmindful that, as this case went to the jury, there were two named defendants who were not mentioned to the jurors either in instructions or on the verdict form.

Although this is an unsatisfactory state of affairs, it does not alter our view that a jury can and should answer a specific question whether one of the defendants was negligent without being distracted by an irrelevant instruction or by the knowledge that the parents have been sued but are not to have their liability determined by the jury.

Affirmed.